## 55084. CROWE v. HOME INDEMNITY COMPANY
## et al.

QUILLIAN, Presiding Judge.

We consider this appeal from the superior court's affirmance of the denial of compensation by the workmen's compensation board. The sole issue is whether the injury complained of arose out of and in the course of employment.

The administrative law judge in finding against compensation made the following findings of fact. The claimant sustained a broken collarbone while she was engaged in softball practice with a number of other employees of Golden State Foods (her employer) at an American Legion Softball Field which was not owned by her employer. The injury occurred at approximately 4 or 4:30 p.m. which was after the claimant's normal working hours of from 7 a.m. until 3:30 p.m. The members of the softball team wore uniforms with the initials GSF on them representing the employer Golden State Foods but the members paid for the uniforms and the employer actually received no benefit from the softball team. *Held:*

Larson in his definitive work on workmen's compensation (1 Larson's Workmen's Compensation Law 5-62, § 22) sets out the following prerequisites in order to ascertain whether the work arose out of and in the course of employment. "Recreational or social activities are within the course of employment when (1) They occur on the premises during a lunch or recreation period as a regular incident of the employment; or (2) The employer, by expressly or impliedly requiring participation, or by making the activity part of the services of an employee, brings the activity within the orbit of the employment; or (3) The employer derives substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life." It is noted in Larson's work that meeting any of the criteria would be a sufficient basis to find workmen's compensation coverage.

Here the claimant was injured after normal working hours and not on the employer's premises; the employer did not require participation and there is no

uncontradicted showing that the employer derived any substantial direct benefit from the activity "beyond the intangible value of improvement in employee health and morale." Under these circumstances, the board was authorized to find that injury did not arise out of and in the course of the claimant's employment. See 82 AmJur2d 66, Workmen's Compensation, §§ 283, 284; 99 CJS 730, 737 Workmen's Compensation, § 221.

The cases cited by claimant, *Cabin Crafts, Inc. v. Pelfrey,* 119 Ga. App. 809 (168 SE2d 660); *Ga. Power Co. v. Crutchfield,* 125 Ga. App. 488 (188 SE2d 140); *Parker v. Travelers Ins. Co.,* 142 Ga. App. 711 (236 SE2d 915), are all distinguishable. In *Cabin Crafts, Inc. v. Pelfrey,* 119 Ga. App. 809, supra, and *Ga. Power Co. v. Crutchfield,* 125 Ga. App. 488, supra, this court, applying the any evidence rule, merely affirmed the findings by the board that the injuries arose out of and in the course of the employment. In *Parker v. Travelers Ins. Co.,* 142 Ga. App. 711, supra, we reversed the board in a situation in which the activity was carried on at the employer's premises, during normal working hours and with the concurrence of the employer.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED JANUARY 11, 1978 — DECIDED MAY 9, 1978.

*Jack Dorsey,* for appellant.
*Swift, Currie, McGhee & Hiers, Woodson T. Drumheller,* for appellees.