## 57267. GULF AMERICAN FIRE & CASUALTY COMPANY et al. v. TAYLOR.

CARLEY, Judge.

In this workers' compensation case the administrative law judge awarded benefits to appellee and this ruling was affirmed by the full board and the superior court. The only objection to compensability of the injury of appellee is based upon the argument of Lav-A-Stone Industries of the Southeast and its insurance carrier that appellee was an independent contractor rather than an employee of Lav-A-Stone.

It is undisputed that appellee had. an ongoing working relationship with Lav-A-Stone and that for some projects he would be paid by the hour and for others he would be paid by the job. Sometimes appellee would hire a helper and pay him a percentage of appellee's gross pay and on other occasions appellee would do all of the work himself. However, in every case — whether appellee worked alone or with others and regardless of whether he was paid by the hour or the job — five percent of the gross amount due to appellee was deducted by Lav-A-Stone for workers' compensation insurance. More significantly, the sums so deducted were actually paid to the carrier, Gulf American. Furthermore, appellee testified that Lav-A-Stone's owner as well as appellee's immediate supervisor told him that the five percent deductions were to provide appellee with workers' compensation coverage.

The administrative law judge found that Lav-A-Stone and its insurer were estopped to deny coverage to appellee because of the deduction from appellee's earnings of five percent thereof and because of the payment of the sums deducted to the carrier. The administrative law judge's finding, which was adopted by the full board, and affirmed by the superior court, relied upon the case of *Hill-Harmon Pulpwood Co. v. Walker,* 237 Ga. 736 (229 SE2d 607) (1976).

Appellants attempt to distinguish *Hill-Harmon*

because of an apparent difference between the policy of insurance in that case and the policy issued by Gulf American in the case at bar. The opinion in *Hill-Harmon* indicates that the policy there involved did cover the employer and vendors. The appellants contend that the policy in this case covered only employees. However, a review of the record reveals that it would be more accurate to say that the workers' compensation policy naming employer Lav-A-Stone as insured did not *expressly* recite coverage of "independent contractors."

Nevertheless, the policy issued by the carrier upon which appellants base their denial of payment of benefits to appellee clearly states the obligation of the insurer "[t]o pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law." Included within that same policy is the following language, to wit: "16. Terms of Policy Conformed to Statute — Coverage A: Terms of this policy which are in conflict with the provisions of the workmen's compensation law are hereby amended to conform to such law." That "law" is to "be construed reasonably and liberally with a view of applying the beneficent provisions of the statute so as to effectuate its purposes, and to extend them to every class of workman and employee that can fairly be brought within the provisions of the act." *Lee v. Claxton,* 70 Ga. App. 226, 228 (28 SE2d 87) (1943). See also *Gaither v. Fulton-DeKalb Hospital Authority,* 144 Ga. App. 16 (240 SE2d 560) (1977), and *Ratliff v. Liberty Mut. Ins. Co.,* 149 Ga. App. 211 (1979).

It follows that if the insured Lav-A-Stone is liable as employer to appellee, the policy upon which the insured relies expressly requires payment by the insurer. In the recent case of *Hartford Ins. Group v. Voyles,* 149 Ga. App. 517 (1979), this court considered a similar issue with regard to the status of the insured claimant. The following language from the majority opinion in *Hartford Ins. Group* is, in its entirety, equally applicable to the case sub judice, to wit: "Here we have evidence of an employer deducting from the worker's pay a fee for workers' compensation insurance over an extended period of time. It is implicit in the circumstances that the worker relied upon the declaration that he is to be covered by workers'

compensation insurance. It would contravene any sense of justice to allow the employer to disavow his declaration that the worker is covered by this insurance."

It is to be noted that *Hill-Harmon,* upon which the administrative law judge relied, cited Code Ann. § 114-607 in applying the doctrine of estoppel. Although the substance-over-form rationale of *Hill-Harmon* is clearly applicable here, the doctrine of estoppel in workers' compensation cases can be based on authority other than Code Ann. § 114-607. As stated in *Hartford Ins. Group v. Voyles,* supra, estoppel "... refers not necessarily to Code § 114-607 but to the equitable principle that where a party by his declaration leads another to act or fail to act in reliance upon those declarations he may not later disavow them. See *Bell v. Studdard,* 220 Ga. 756, 760 (4) (141 SE2d 536); *Reeves v. Mathews,* 17 Ga. 449, 452 (3)." It is to be noted that the insurer in *Hartford* claimed that it did not receive from the employer the premium paid by the claimant. In this case, the insurer does not deny that it received from Lav-A-Stone the sums designated by Lav-A-Stone as being for payment of workers' compensation premiums for appellee which were deducted from appellee's earnings. Thus the facts in this case even more clearly demand the application of the doctrine of estoppel than did the circumstances in *Hartford.*

On the basis of the record in this case showing that the insurer received premium dollars from the employer who took them from the claimant, the justness of the award to claimant, as determined thrice below, demonstrates its correctness.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED FEBRUARY 6, 1979 — DECIDED JUNE 5, 1979.

*Heyman & Sizemore, Patrick L. Swindall, William H. Major,* for appellants.

*Barwick, Bentley, Hayes & Karesh, Thomas S. Bentley, Sanford R. Karesh,* for appellee.