0221

Willard Larry RUSSELL, Blondell M. Russell, Barbara Lynn Russell and Larry Lavon Russell, Plantiffs, v. DRIVERS LEASING SERVICES, INC., employers of Wausau, A & B Trucking, and American Insurance Company, Respondents, Southern Intermodal Logistics, and Travelers Insurance Company of Rhode Island, Appellants.

(318 S. E. (2d) 579)

Court of Appeals

*Thomas J. Wills, IV,* and *Robert A. Patterson,* both of *Barnwell, Whaley, Stevenson & Patterson,* Charleston, *for appellants.*

*Stephen E. Darling,* of *Sinkler, Gibbs & Simons,* and *Wallace G. Holland,* of *Young, Clement, Rivers & Tisdale,* Charleston, *for respondents.*

*Allen C. Pate,* Florence, *for plaintiffs.*

Heard May 15, 1984.

Decided July 24, 1984.

CURETON, Judge:

The dependents of Willard Larry Russell initiated this claim pursuant to S. C. Code Ann. Section 42-1-10 (1976), *et seq.* (South Carolina Workers' Compensation Law), for compensation for the work-related death of Russell, their decedent.[1] The dispositive issue resolved itself on a finding of which company was Russell's employer. The single commissioner held that Southern Intermodal Logistics (SIL) was the employer and Travelers Insurance Company, the liable carrier. The full commission held that Drivers Leasing Services was Russell's employer and its carrier, Employers of Wausau, was liable for payment of the claim. On appeal, the circuit court held that SIL and Travelers Insurance were the liable employer and carrier, respectively, and they appeal. We reverse the judgment against Travelers Insurance.

SIL is a common carrier whose drivers and rigs, for the most part, are leased through independent contractors. Drivers Leasing Services is a corporate independent contractor that procures drivers and equipment for carriers. A & B

---

[1] The workers' compensation claim was settled by the parties by stipulation, leaving at issue which of the three companies' carriers must pay the claim.

Trucking employs tractor-trailer drivers who, along with the company's rigs, are leased to carriers. A & B Trucking hired Russell as a driver in November, 1978.

In May, 1979, Russell was killed while operating a tractor-trailer for SIL. Drivers Leasing had procured the rig and Russell's services from A & B Trucking for the benefit of SIL. The contract between A & B Trucking and Drivers Leasing provided that A & B Trucking would maintain workers' compensation insurance on the drivers. The contract between Drivers Leasing and SIL provided that the drivers themselves must agree to pay workers' compensation insurance.

Although it appears that A & B Trucking carried workers' compensation insurance on its employees through American Insurance Company, the parties agree in practice to additional measures to insure continuous coverage of drivers leased by SIL from A & B. Drivers Leasing Services paid the premium for and secured a workers' compensation insurance policy from Employers Insurance of Wausau covering the drivers SIL leased from A & B Trucking. Instead of paying A & B for its drivers and equipment, directly, SIL passed the weekly lump-sum payment to Drivers Leasing Services. Drivers Leasing then deducted from this sum, among other things, an amount for each drivers' workers' compensation insurance before passing the remaining money to A & B Trucking. The deduction for workers' compensation insurance either reimbursed Drivers Leasing for premiums paid to Employers Insurance of Wausau or was paid directly to the insurance company.

SIL maintained a workers' compensation policy with Travelers Insurance which only covered SIL's non-driver employees. Travelers Insurance received no premium for coverage of the drivers.

On appeal, SIL concedes that it may be considered Russell's employer for purposes of applying the Workers' Compensation Law since it controlled his activities. SIL nevertheless argues that Employers Insurance of Wausau is estopped to deny that it is the liable carrier because it both accepted premiums to provide coverage and paid the claims of two SIL drivers similarly situated as Russell.

As succinctly stated by our Supreme Court in *Palmer v. Sovereign Camp, W. O. W.,* 197 S. C. 379, 391, 15 S. E.

(2d) 655, 661 (1941), "The principle of estoppel in equity stands upon the very foundations of right and fair dealing. It considers and weighs the conduct of men in their dealings with each other, and gives that effect ... to their actions which ... justice dictate[s]." It arises when a person, in reliance on what another has done or said, changes position to his detriment and the other person then attempts to repudiate or evade the consequences of his action or speech. *Georgia Veneer & Package Co. v. S. H. & E. H. Frost, Inc.*, 168 S. C. 285, 288, 167 S. E. 500, 502 (1933).

In *Middleton v. David A. Cantley Construction*, 278 S. C. 154, 293 S. E. (2d) 311 (1982), our Supreme Court established that estoppel will be applied in workers' compensation cases to prevent a carrier's attempt to avoid coverage of a work-related injury when the carrier has previously accepted the payment of premiums pertaining to the injured person. There, the claimant, a carpenter engaged in framing houses for Cantley Construction, had recruited and daily supervised a crew of workers. Cantley paid the claimant·a sum from which the claimant paid his workers, but from which Cantley had withheld five percent of the gross to be applied for workers' compensation insurance. The Court held the carrier to be estopped from denying coverage under the holding of *Ham v. Mullins Lumber Co.*, 193 S. C. 66, 7 S. E. (2d) 712 (1940).

The carrier in *Ham* was estopped to deny coverage where the evidence revealed that it in fact contracted to provide coverage of the employee and was paid a premium for the employee's protection by the employer. *Id.* at 88, 7 S. E. (2d) at 722. Our Court is not alone in applying the principle of estoppel based upon the carrier's acceptance of premiums. *See Godley v. County of Pitt*, 306 N. C. 357, 293 S. E. (2d) 167 (1982) *rev'g*, 54 N. C. App. 324, 283 S. E. (2d) 430 (1981); *Garrett v. Garrett & Garrett Farms*, 39 N. C. App. 210, 249 S. E. (2d) 808 (1978); *Gulf American Fire & Casualty Co. v. Taylor*, 150 Ga. App. 179, 257 S. E. (2d) 44 (1979); *Ala-Miss Enterprises, Inc. v. Beasley*, 446 So. (2d) 644 (Ala. Civ. App. 1984); *cf. Huffman v. Maryland*, 18 Md. App. 703, 308 A. (2d) 718 (1973) (no estoppel since carrier collected no premium).

In the case before us, the record reveals that Employers Insurance of Wausau not only accepted the payment of premiums to provide coverage of SIL's drivers, but also

paid the claims of two drivers SIL similarly employed through the services of Drivers Leasing. One claim paid was based on an accident that occurred only three days prior to Russell's fatal accident.

Under the circumstances, it would be unfair and unjust to permit Employers Insurance of Wausau to escape liability on the Russell claim on the assertion that its insured, Drivers Leasing Services, was not Russell's employer, when it has never asserted this position with respect to less serious claims prior to the institution of this lawsuit. In addition, it would offend every principle of equity to permit Employers Insurance to enjoy the benefits of the insurance contract made for Russell's protection and at the same time repudiate its obligations.

Accordingly, we hold that Employers Insurance of Wausau is estopped to deny that it is liable for payment of the workers' compensation award made to the dependents of Willard Larry Russell and the judgment of the circuit court is hereby

Reversed.

SHAW and BELL, JJ., concur.