A90A1124. PIZZA HUT OF AMERICA, INC. v. HOOD et al.
A90A1382. CLARKE COUNTY v. HOOD et al.

(400 SE2d 657)

DEEN, Presiding Judge.

On May 22, 1988, Pizza Hut of America, Inc., sponsored a picnic for its employees and their families at a Clarke County park. Employee Melvin Hood, Jr., drowned in a lake at the park during the picnic. Hood's parents and the administrator of Hood's estate sued Pizza Hut and Clarke County. Pizza Hut appeals from the trial court's grant of partial summary judgment for the plaintiffs on Pizza Hut's defense that the Workers' Compensation Act provided the exclusive remedy. Clarke County appeals from the denial of its motion for summary judgment based on its defense of sovereign immunity.

*Case No. A90A1124*

1. Recreational or social activities are within the course of employment, and thus subject to the Workers' Compensation Act if, (1) they occur on work premises during a lunch or recreation period as a regular incident of employment, or (2) employee participation is required, either expressly or by implication, or (3) the employer derives a substantial benefit from the event beyond the improvement in employee health and morale that is common to all kinds of recreational or social activities. *Crowe v. Home Indem. Co.*, 145 Ga. App. 873 (245 SE2d 75) (1978). The Pizza Hut picnic did not occur on work premises, and although employee attendance was encouraged, it was not required. Accordingly, the first two possible bases for workers' compensation coverage are absent in the instant case. Pizza Hut contends coverage applies under the third base because the picnic was more than just a morale and health booster for employees, but also had the purpose of promoting its new product of traditional hand-tossed pizza and recruiting and maintaining employees. There is no evidence in the record that Pizza Hut made any effort at the picnic to promote a new product. The only possible benefit that Pizza Hut could have

hoped to derive from the function was improvement in employee health and morale. Employers generally attempt to boost employee morale not only for morale's sake, but for the benefits to the company resulting from better employee morale. These inestimable benefits, however, are not of the kind that subjects an employer-sponsored recreational or social activity to the Workers' Compensation Act. The trial court properly granted partial summary judgment for the appellees.

## Case No. A90A1382

2. In 1986 Clarke County specifically decided against purchasing liability insurance for claims against the county and its employees, agents and officers. At the time of Hood's drowning, Clarke County's policy was to defend against and pay such claims from a "Self-Funded Insurance Internal Service Fund." Apparently on the basis that this allocation of funds constituted a self-insurance plan that waived sovereign immunity, the trial court denied Clarke County's motion for summary judgment on that defense.

The Supreme Court has recently held that "under the statutes dealing with liability insurance for government employees and officials [OCGA § 45-9-1 et seq.], only state self-insurance plans will waive sovereign immunity. There is no provision for a county to set up a self-insurance plan." *Logue v. Wright*, 260 Ga. 206, 209 (392 SE2d 235) (1990). Consequently, Clarke County's "Self-Funded Insurance Internal Service Fund" was not a self-insurance plan that could waive sovereign immunity, and Clarke County was entitled to summary judgment on that issue.

*Judgment affirmed in Case No. A90A1124. Carley, C. J., McMurray, P. J., Banke, P. J., Birdsong, Pope and Cooper, JJ., concur. Sognier and Beasley, JJ., dissent. Judgment reversed in Case No. A90A1382. Carley, C. J., McMurray, P. J., Banke, P. J., Birdsong, Sognier, Pope, Beasley and Cooper, JJ., concur.*

BEASLEY, Judge, dissenting in Case No. A90A1124.

There is no genuine issue of material fact that the employee's involvement in the company picnic "arouse out of" and was "in the scope of" his employment. Workers' compensation should be the exclusive remedy in this case.

Why was young Hood at the park when he drowned? The following is undisputed.

Melvin Hood was a dishwasher, cleaner, odd job performer, and salad bar maintainer at the Pizza Hut restaurant. He drowned at a company picnic. Swimming had not been advertised, but it was permitted.

The idea of the picnic was conceived by the area manager. Its purposes were to emphasize to employees the importance of a new product so as to promote its sales, to provide a fringe benefit of recreation for employees and their families, and to act as a recruitment and retention incentive. The event was designated the "Athens Area 1988 Makin-It-Great picnic and softball games." The invitation stated: "We want to kick off hand-tossed traditional pizza with a Spring blast! Come out for a great time."

Management planned, arranged, and paid for the event and sent park tickets, maps, and an invitation to each of its area restaurants. The map indicated that Pizza Hut signs would be displayed. Management organized the food set-up and presided over softball games, which were organized at prescribed times. Management controlled the picnic and the activities.

All employees were invited. Attendance was strongly encouraged although not required. Work schedules of those desiring to attend were manipulated so they could do so. Those who did not care to attend worked instead if they agreed to, and split shifts accommodated others. Pay was not affected by attendance or non-attendance. Management made transportation arrangements in some instances.

Do these circumstances conclusively mean that Melvin Hood's death arose out of and in the course of his employment? OCGA § 34-9-1 (4).

Melvin Hood was obviously at the picnic because he was an employee of Pizza Hut, although it was on his own time, and he was not obligated to attend. The event was fully sponsored by his employer in its capacity as employer. The rationale for the picnic was for more than employee morale; it was manifestly driven by goals of promoting a new product and thereby increasing sales as well as retaining a stable work force. These were direct benefits to the employer.

In considering the facts here over against the facts in other company-sponsored picnic cases discussed in 1A Larson, The Law of Workmen's Compensation, 5-121, § 22.23 (a) (1990 Rev.), and cases cited by the parties, as well as the principles set forth in Larson and the two closest cases in Georgia (*Crowe v. Home Indem. Co.*, 145 Ga. App. 873 (245 SE2d 75) (1978), and *City Council of Augusta v. Nevils*, 149 Ga. App. 688 (255 SE2d 140) (1979)), I conclude that the law of workers' compensation applies so as to entitle Pizza Hut to summary judgment. OCGA § 34-9-11. The activity was sufficiently work-related, the activity was totally initiated, paid for, and controlled by employer's agents, and the employer derived more than mere morale-engendering benefits such as would arise from any recreational activity. It appears clear that the primary moving force for the picnic was to "have achieved . . . economic [and] business benefit from the [picnic]." *City Council of Augusta*, supra at 689.

This is in keeping with Georgia's policy of liberal construction of workers' compensation coverage. *Gulf American &c. Co. v. Taylor*, 150 Ga. App. 179, 180 (257 SE2d 44) (1979).

I am authorized to state that Judge Sognier joins in this dissent.

DECIDED NOVEMBER 27, 1990 —
REHEARING DENIED DECEMBER 18, 1990 — 

*Blasingame, Burch, Garrard & Bryant, E. Davison Burch, Swift, Currie, McGhee & Hiers, James T. McDonald, Jr.,* for appellant (case no. A90A1124).

*Nicholson & McArthur, John R. Nicholson, Drew, Eckl & Farnham, Theodore Freeman, Phillip E. Friduss,* for appellant (case no. A90A1382).

*Winburn, Lewis & Barrow, Gene Mac Winburn, John J. Barrow,* for appellees.