A91A0106. ADAMS et al. v. PERDUE et al.
(405 SE2d 305)

BEASLEY, Judge.
While on patrol as a police officer for the appellee City of Griffin,

appellee Perdue spotted a parked car with several people inside and a man outside punching through the window at the driver. Attempting to maneuver his vehicle to the scene, Perdue started moving in reverse at about two miles an hour and backed into the car occupied by appellant Tommie Gean Adams. After inquiring if she was all right and being assured she was, Perdue investigated the fight and then called headquarters to report the accident. Appellants Tommie Gean Adams and her husband sued Perdue and the City, alleging that Perdue had been negligent and reckless. Appellees raised the defense of sovereign immunity and moved for summary judgment, contending that because the City had no liability insurance and Perdue was engaged in a discretionary act at the time of the incident, the appellees could not be held liable for any alleged negligence on his part.

There is one enumeration of error on appeal from the grant of summary judgment to appellees.[1] It is that the trial court erred in ruling that an agreement between the City and the Georgia Interlocal Risk Management Agency (GIRMA) pursuant to OCGA § 36-85-1 et seq., which specifically provided for automobile liability coverage, did not constitute a waiver of sovereign immunity because the City had on prior occasions waived such immunity and paid similar claims.

OCGA § 36-85-4 provides that "[a]n interlocal risk management agency created pursuant to this chapter is not an insurance company or an insurer under Title 33, and the development and administration by such agency of one or more group self-insurance funds shall not constitute doing business as an insurer." OCGA § 36-85-20 states: "[t]he participation by a municipality or county as a member of an agency authorized by this chapter shall not constitute the obtaining of liability insurance and no sovereign immunity shall be waived on account of such participation." Thus the City's participation in GIRMA does not waive sovereign immunity, by the express terms of the statutes.

Appellants nevertheless insist, without avail, that because at least one other claim for property damage caused by the negligent use of an automobile by an on-duty city police officer was paid by the fund, immunity was waived. First, the affidavit upon which appellants rely does not establish that the officer involved in that case was engaged in a discretionary act at the time he damaged the affiant's house. If he had been on routine patrol his acts would have been ministerial in nature and sovereign immunity would not be available as a defense. See *Joyce v. Van Arsdale*, 196 Ga. App. 95 (395 SE2d 275) (1990).

Second, it does not necessarily follow that a waiver of a defense

---

[1] The court's order helpfully explains the ruling, even though this is not required by OCGA § 9-11-56.

in one case will constitute a waiver in another, or that the City would be barred from asserting sovereign immunity because GIRMA had paid another claim. The defense of sovereign immunity belongs solely to the City, and the payment of a claim by GIRMA in a completely different case cannot operate as a waiver of the municipality's right. In any event, a waiver of sovereign immunity can occur only to the extent of liability insurance coverage, and since the City had no liability insurance it could not waive this defense.

As to the officer, *Logue v. Wright*, 260 Ga. 206 (392 SE2d 235) (1990), is similar. In *Logue*, an automobile collision occurred when a police officer was answering a call regarding a fight. As is the case here, the officer was not using a flashing or revolving blue light, which was an act of negligence. The Supreme Court stated that under *Hennessey v. Webb*, 245 Ga. 329 (264 SE2d 878) (1980), if Logue was acting in his official capacity he was immune for negligent acts which were discretionary rather than ministerial; that he was acting in his official capacity and the decision to rush to the scene of the disorder lay within his discretion; and that therefore, if the county had not waived sovereign immunity by obtaining insurance, the officer was entitled to summary judgment. Id. at 207-208 (1). The court concluded that the legislature had authorized municipalities and counties to procure liability insurance covering officers and employees for damages arising out of the performance of their duties, but that OCGA § 45-9-1 had not empowered counties to establish a self-insurance program. Thus the risk management fund that was budgeted to compensate claims against the county and its employees was not a self-insurance plan which would waive sovereign immunity. Id. at 209 (2) & (3). Since there was no waiver of sovereign immunity by the governmental employer, and Logue was acting discretionarily, he was entitled to official immunity.

Appellees were entitled to summary judgment.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 1, 1991.

*Kendall & Kendall, Alvin L. Kendall, Lisa R. Roberts*, for appellants.

*Jenkins & Eells, Frank E. Jenkins III, Kirk R. Fjelstul*, for appellees.