A91A1232. BANKS v. PATTON.
(413 SE2d 744)

CARLEY, Presiding Judge.

Appellant-plaintiff was seriously injured when his automobile was struck by a marked municipal police patrol car that was being operated by appellee-defendant police officer. Appellant filed suit and appellee raised in his answer the defense of governmental immunity. See *Logue v. Wright*, 260 Ga. 206 (1) (392 SE2d 235) (1990). The trial court granted appellee's motion for summary judgment on the basis of his governmental immunity defense. Appellant appeals from the

grant of summary judgment in favor of appellee.

1. In opposition to appellee's motion, appellant produced his daughter's affidavit. According to appellant's daughter, she had overheard appellee's wife make a telephone call and, in that overheard conversation, appellee's wife had recounted certain statements regarding the collision which had allegedly been made by appellee. The trial court ruled that any testimony by appellant's daughter as to what she had overheard appellee's wife say that appellee had said would constitute inadmissible hearsay. Accordingly, the trial court refused to consider this affidavit in ruling on appellee's motion and appellant enumerates this evidentiary ruling as error.

While a witness can testify as to what he *himself* overheard a party say, a witness generally cannot testify as to what he overheard *someone else* say that a party had said. *Harper v. State*, 152 Ga. App. 689, 690 (1) (263 SE2d 547) (1979). Appellant advances no viable basis for holding that the hearsay testimony of his daughter comes within any exception to the general rule of inadmissibility and we are aware of none. The testimony was not admissible to prove the truth of the statements attributed to appellee and the trial court correctly refused to consider this inadmissible hearsay.

2. "[W]here[, as here,] there is no self-insurance fund [covering official acts of a public official], the distinction between ministerial and discretionary acts is still viable in ruling on immunity for public officials for liability for their negligent acts. It is important to keep in mind that the immunity is for [a] negligent [discretionary] [act,] not for malicious acts, acts of corruption, wilful acts, or acts involving reckless disregard for the safety of others." *Logue v. Wright*, supra at 206-207 (1). Accordingly, resolution of the instant case is dependent upon whether or not appellant seeks to recover for appellee's merely *negligent* performance of an official *discretionary* act.

The facts of this case are very similar to those in *Logue v. Wright*, supra. Here, as there, the undisputed admissible evidence of record shows that appellee was responding to an emergency call when the collision occurred and that "[t]he decision to rush to the scene of the [emergency] lay within his discretion. He exercised this discretion." *Logue v. Wright*, supra at 208 (1). Accordingly, there is no genuine issue of material fact remaining as to appellee's performance of a discretionary rather than a ministerial act. Resolution of the instant case ultimately depends, therefore, upon whether appellee's performance of that discretionary act was merely negligent rather than wilful, corrupt or in reckless disregard for the safety of others.

Here, as in *Logue v. Wright*, supra, appellee was disregarding certain applicable rules of the road at the time of the collision. Here, as there, appellee was not otherwise authorized to disregard those rules of the road since he had not fully complied with the provisions of

OCGA § 40-6-6. Indeed, the only material difference between *Logue v. Wright*, supra, and the instant case is that here, unlike there, appellee had at least activated the blue lights on the patrol car prior to the collision. Appellee was using his blue light but not his "siren when he . . . caused the collision in question. Under OCGA § 40-6-6 a car driven by a local law enforcement officer when responding to an emergency call or when in pursuit of an actual or suspected violator of the law may disregard certain rules of the road. However, the officer must use a flashing or revolving blue light [and a siren] when the rules of the road are not adhered to. Failure to use [both] the light [and] siren in this case was an act of negligence, not an act of malice, corruption, wilfulness, or reckless disregard for the safety of others. . . . [Appellee] had no discretion to violate the law by failing to activate his blue light and siren. In fact, we would subscribe to the proposition that the law does not generally grant discretion to a public employee to act negligently. The discretionary act rule deals not with the act of negligence. The rule grants immunity to public employees who perform discretionary acts in a negligent manner. That happened here." *Logue v. Wright*, supra at 207-208.

Construing the admissible evidence of record most favorably for appellant, he was injured as the result of appellee's negligent performance of a discretionary duty. Accordingly, the trial court correctly granted summary judgment in appellee's favor.

*Judgment affirmed. Sognier, C. J., Birdsong, P. J., Pope, Cooper, Andrews, JJ., and Judge Arnold Shulman concur. McMurray, P. J., and Beasley, J., dissent.*

BEASLEY, Judge, dissenting.

I concur in Division 1 but respectfully dissent with respect to Division 2 and conclude that summary judgment in favor of the police officer was not warranted.

The situation in this case is distinguishable from that in *Logue v. Wright*, 260 Ga. 206 (392 SE2d 235) (1990), both as to pleadings and evidence, and in fact *Logue* guides this case to a different outcome.

In *Logue*, the complaint was that defendant caused the collision "through negligent operation of his patrol car." Id. at 206. The Supreme Court was careful to point out that "It is important to keep in mind that the immunity is for negligent acts, not for . . . acts involving reckless disregard for the safety of others." Id. at 206. "The rule," it wrote, "grants immunity to public employees who perform discretionary acts in a negligent manner." Id. at 208. In that summary judgment case, the Court reached the conclusion that "[f]ailure to use the light or siren in this case was an act of negligence, not an act of . . . reckless disregard for the safety of others." Id. at 207. The conclusion was expressly limited to the undisputed facts in that case, although

the circumstances and environment in which the officer drove were not described in the opinion.

On the other hand, the plaintiff in this case alleges in his complaint that the officer's acts "were unlawful and showed willful misconduct, wantonness, oppression and that entire want of care which raises the presumption of conscious indifference to the consequences."

There is evidence that the officer, responding to a report that a robbery by force had occurred, went to look for a suspect. He drove at least 57 mph (27 mph over the speed limit) on a downtown city street with traffic just before noon on an early summer Saturday and was passing on the left in an intersection when he collided with plaintiff's left-turning vehicle. The blue light was operating but, according to plaintiff, bystanders, and the investigating officer, the audible signal or siren was not activated. As the investigating officer pointed out, if this is true, the vehicle was not being operated as "an authorized emergency vehicle" as a matter of law because it was not being operated in accordance with OCGA § 40-6-6 (c). He also stated in his deposition that as a matter of fact, this is also a violation of police department policy.

In the opinion of this officer, who was trained in traffic accident investigation and qualified as an expert in accident reconstruction, and who had investigated the collision on the scene immediately after its occurrence, "officer Patton failed to drive with 'due regard for the safety of all persons,' and therefore endangered life and property." This is required even of those who *do* use the audible signal and flashing or revolving blue light, as required by subsection (c). See OCGA § 40-6-6 (d).

It is a jury question whether the audible signal was operating. If it finds that there was no siren to warn the left-turning plaintiff, then it is also a jury question whether, under the circumstances in this case, the failure to properly operate the vehicle as an authorized emergency vehicle in this regard constituted reckless disregard for the safety of others. As repeated in *Joyce v. Van Arsdale*, 196 Ga. App. 95, 96 (395 SE2d 275) (1990), "if the employee acted in his official capacity and the challenged act involved the performance of a discretionary duty, the employee is entitled to the defense of official immunity provided the act complained of was not . . . reckless disregard for the safety of others." Cf. *Adams v. Perdue*, 199 Ga. App. 476 (405 SE2d 305) (1991), where the facts were not such that the jury could find reckless disregard but merely an act of negligence.

DECIDED NOVEMBER 13, 1991 —
RECONSIDERATION DENIED DECEMBER 4, 1991 —

*Roberson & Schmidt, David Roberson, Randall A. Schmidt*, for appellant.

*Oliver, Maner & Gray, Patrick T. O'Connor*, for appellee.