A92A1586. POSS et al. v. CITY OF NORTH AUGUSTA, SOUTH CAROLINA et al.
(424 SE2d 73)

CARLEY, Presiding Judge.

In this wrongful death action, the following relevant facts are undisputed: Appellant-plaintiffs' 18-year-old son was killed in an automobile crash. At the time of the crash, he was a passenger in an automobile being driven by his unlicensed 15-year-old friend. The friend had taken his mother's automobile without her knowledge or consent and had removed the rear license plate. While in North Augusta, South Carolina, the boys filled the gas tank at a service station and drove off without paying. This was reported to the police and an officer, having been advised of the crime by the dispatcher, observed the automobile greatly exceeding the speed limits and running traffic signals. The officer gave pursuit with lights and siren activated. This officer followed the car into Augusta, Georgia, where local law enforcement officers joined in the chase, also using lights and sirens. During the chase, the friend lost control of the automobile and both boys died of injuries received in the ensuing crash. Appellants initiated the instant wrongful death action against the City of North Augusta, South Carolina and the City of Augusta, Georgia. After discovery, summary judgment was granted in favor of both appellees. Appellants appeal this grant of summary judgment.

1. In a state law tort action, neither of the appellees can be held vicariously liable for the acts attributed to their police officers. "'A municipal corporation shall not be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law.' OCGA § 36-33-3; [cit.]" *McDay v. City of Atlanta*, 204 Ga. App. 621, 622 (3) (420 SE2d 75) (1992). Accordingly, any factual issue remaining as to whether the negligence of appellees' police officers was the cause of the death of appellants' son is immaterial, since ap-

pellees cannot be held vicariously liable for that alleged negligence. Therefore, the trial court correctly granted summary judgment as to appellants' state law tort claim.

2. Liability also was predicated upon 42 USC § 1983. In order to state a claim pursuant to 42 USC § 1983, however, it is necessary to allege that the plaintiff was deprived of a constitutional right by one who was acting under color of state law or custom. *Davis v. City of Roswell*, 250 Ga. 8, 9 (1) (295 SE2d 317) (1982). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dept. of Social Svcs. of N. Y.*, 436 U. S. 658, 694 (98 SC 2018, 56 LE2d 611) (1978). 42 USC § 1983 creates "a cause of action, cognizable in the courts of this state, based upon acts which are in implementation of an *intentional policy*, adopted or ratified by the governing body of a public agency, which acts work deprivation of a constitutional right. Such a policy may be formal or informal, acknowledged or vigorously denied, persistent or intermittent, or implemented by but one single act. What is required to be proved, directly or circumstantially, is that a governing body has worked [a due process] deprivation of a citizen['s constitutionally protected right] pursuant to an impermissible or corrupt policy which is intentional and deliberate." (Emphasis in original.) *City of Cave Spring v. Mason*, 252 Ga. 3, 4-5 (310 SE2d 892) (1984). " '(A)utomobile *negligence* actions (against a policeman acting in the line of duty) . . . do not rise to the level of a constitutional deprivation.' " (Emphasis supplied.) *Martin v. Ga. Dept. of Pub. Safety*, 257 Ga. 300, 305 (4) (357 SE2d 569) (1987).

It is undisputed that each appellee had promulgated guidelines which defined and regulated the circumstances and manner under which a high speed chase would be authorized. The very existence of these regulations is sufficient to rebut any unsubstantiated allegation that appellees were " 'deliberately indifferent or grossly negligent in respecting citizens' rights or (that [they]) tacitly authorized constitutionally offensive conduct. . . . [Cit.]' [cit.] . . . [T]he trial court correctly granted summary judgment as to [appellants'] 42 USCA § 1983 claims." *Martin v. Ga. Dept. of Pub. Safety*, supra at 305 (4).

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED OCTOBER 22, 1992.

*Bonner & Jones, G. Larry Bonner*, for appellants.
*Nixon, Yow, Waller & Capers, Ziva P. Bruckner, Surrett,*

*Walker, Creson & Colley, Edward J. Coleman III*, for appellees.