A93A1485. BANKS v. MAYOR & CITY OF SAVANNAH et al.
(435 SE2d 68)

BIRDSONG, Presiding Judge.

In a previous decision in this personal injury case, we upheld the grant of summary judgment to defendant police officer Patton on grounds of governmental immunity. *Banks v. Patton*, 202 Ga. App. 168 (413 SE2d 744). This appeal is from the grant of summary judgment to defendants City of Savannah et al., on appellant's claims that defendants' training of its police in the operation of police cars created a nuisance and violated appellant's constitutional rights, giving him a claim under 42 USCA § 1983. *Held*:

1. The law of immunity does not permit the creation of a nuisance by a governmental authority. *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419 (249 SE2d 224). See also OCGA § 36-33-1 (b). To be liable for nuisance, a municipality must be charged with performing a continuous or regularly repetitious act or condition which causes injury, and it must have knowledge or be charged with notice of the dangerous condition or repetitive acts causing injury. *Palmerio*, supra. A one-time occurrence does not amount to a nuisance. *City of LaGrange v. Whatley*, 146 Ga. App. 174 (246 SE2d 5); see *City of Atlanta v. Leake*, 243 Ga. 20, 21 (252 SE2d 450); *Morin v. City of Valdosta*, 140 Ga. App. 361, 362 (231 SE2d 133).

The collision in this case was a one-time occurrence. The fact that other collisions have occurred with police cars in Savannah does not make each collision part of the maintenance of a nuisance. Vehicle collisions are not uncommon occurrences, and the operation of police engaged in pursuit of their duties inherently involves some danger; to constitute a nuisance, such acts must constitute the continuous or regularly repetitious acts or conditions which could work damage to anyone who came in proximity to police cars in Savannah. *Town of Fort Oglethorpe v. Phillips*, 224 Ga. 834, 838 (165 SE2d 141). Plaintiff has not shown this.

Moreover, evidence that other collisions have occurred involving city police cars is not evidence of improper training of police officers, and does not create an inference that officers are improperly trained. Even the continuity or repetition necessary for a finding of nuisance does not prove nuisance as a matter of law, for nuisance is not shown by the occurrence of any number of collisions. Nuisance can be shown only by acts of appellees, that is, evidence of their specific failure or specific negligence in training which resulted in the collisions. Plaintiff has not shown this.

When the moving party in summary judgment shows there is no evidence creating a jury issue and that movant is entitled to judgment, the respondent may not rest on his pleading, but must point to specific evidence giving rise to a triable issue. *Lau's Corp. v. Haskins*,

261 Ga. 491 (405 SE2d 474).

2. The trial court correctly granted summary judgment on appellant's claim under 42 USCA § 1983. That law is not a means to circumvent sovereign immunity in cases involving negligence; it applies only to acts of a governing body which deprive a citizen of constitutional rights pursuant to "an impermissible or corrupt policy which is intentional and deliberate." *City of Cave Spring v. Mason*, 252 Ga. 3, 5 (310 SE2d 892).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 19, 1993.

Roberson, Hangbrook & Ervin, David Roberson, for appellant.

Weïner, Shearouse, Weitz, Greenberg & Shawe, William W. Shearouse, Jr., Wiseman, Blackburn & Futrell, James B. Blackburn, Miriam D. Lancaster, for appellees.