A93A2221. GILBERT et al. v. RICHARDSON et al.
(440 SE2d 684)

BLACKBURN, Judge.

This action arose out of a motor vehicle collision on September 1, 1991, between the appellants, Tommy and Emma Sue Gilbert, and a Walker County deputy sheriff who was responding to an emergency call to back up another officer. The collision occurred as the Gilberts proceeded through an intersection pursuant to a green light and the deputy ran the red light. Whether or not the deputy utilized her lights and siren upon approaching the intersection was disputed.

On November 24, 1992, the Gilberts commenced this action against the deputy sheriff and the sheriff, seeking recovery for personal injuries and loss of consortium resulting from the collision. The trial court granted summary judgment for the defendants on the grounds that they were immune to suit under the doctrine of sovereign immunity, and this appeal followed.

1. Prior to the ratification of the 1991 amendment to Art. I, Sec. II, Par. IX of the Georgia Constitution of 1983, the sovereign immunity of the State or any of its departments and agencies was waived in tort actions to the extent of any liability insurance provided. Although the former constitutional provision regarding sovereign immunity did not specifically refer to counties, it was applied to such as branches of the State. *Toombs County v. O'Neal*, 254 Ga. 390 (330 SE2d 95) (1985).

The 1991 amendment to Art. I, Sec. II, Par. IX (e) extended sovereign immunity "to the state and all of its departments and agencies," regardless of any liability insurance purchased. Considering essentially the same language contained in the former constitutional provision, the Supreme Court concluded that the reservation of sovereign immunity to the State likewise reserved it for the counties. *Toombs County v. O'Neal*, supra. Similarly, the 1991 amendment's extension of sovereign immunity to the State and its departments and agencies must also apply to counties. The Gilberts' cause of action arose after the effective date of the 1991 amendment (January 1, 1991), and is governed by that amendment.

Subparagraph (e) of the amended Art. I, Sec. II, Par. IX provides that the sovereign immunity of the State and its departments and agencies can be waived *only* by an Act of the General Assembly, and subparagraph (a) specifies that one of the ways the General Assembly could waive the State's immunity would be by enacting a State Tort Claims Act. Subsequently, the Georgia Tort Claims Act, OCGA § 50-

21-20 et seq., was enacted, effective July 1, 1992. However, by its express terms, that Act does not apply to counties. OCGA § 50-21-22 (5).

Nevertheless, nothing in the 1991 amendment limits Acts of the General Assembly waiving immunity to those enacted *after* the amendment, and nothing therein invalidates by implication any pre-existing Act that waived to some extent the immunity for the State and its departments and agencies, including counties. To hold otherwise would result in the legislature having to re-enact existing laws, rather than simply leaving them in place. Further, repeals by implication are not favored. *State Bd. of Ed. v. County Bd. of Ed. of Richmond County*, 190 Ga. 588, 592 (10 SE2d 369) (1940). The only implication as to the repeal of existing waiver statutes is that the General Assembly intended *not* to disturb such statutes governing waiver of sovereign immunity for counties, inasmuch as it had the opportunity to void them when it enacted the Georgia Tort Claims Act and did not do so.

With regard to tort claims arising out of the operation of a motor vehicle owned by a county, OCGA § 33-24-51 (b) provides that whenever a county purchases liability insurance for the negligence of any duly authorized agent or employee in the performance of his official duties, "its governmental immunity shall be waived to the extent of the amount of insurance so purchased." Cf. *Ekarika v. City of East Point*, 204 Ga. App. 731 (420 SE2d 391) (1992). Although it was enacted prior to the 1991 constitutional amendment, OCGA § 33-24-51 (b) is such an Act of the General Assembly envisioned by the 1991 amendment, legislatively waiving sovereign immunity to the extent of any liability insurance purchased by a county. It follows that a county's purchase of liability insurance covering its law enforcement officers in their performance of their official duties results in a waiver of its sovereign immunity, to the extent of the amount of that insurance.

In this case, Walker County participated in a risk-sharing arrangement with the Association of County Commissioners of Georgia Interlocal Risk Management Agency, authorized under OCGA § 36-85-1 et seq. Under OCGA § 36-85-20, "[t]he exercise by a municipality or county of the authority provided in this chapter shall not constitute the provision of liability insurance protection under Article I, Section II, Paragraph IX of the Constitution of the State of Georgia. *The participation by a municipality or county as a member of an agency authorized by this chapter shall not constitute the obtaining of liability insurance and no sovereign immunity shall be waived on account of such participation.*" (Emphasis supplied.) The interlocal risk management plan in which Walker County participated certainly resembled an insurance plan, but did not constitute insurance, under

the express terms of OCGA § 36-85-20.

In *Adams v. Perdue*, 199 Ga. App. 476 (405 SE2d 305) (1991), this court applied the express terms of OCGA § 36-85-20 and found that a municipality had not waived its sovereign immunity by its participation in such an interlocal risk management plan. Despite recognizing the legislative intent not to waive sovereign immunity and not to allow participation in the program to constitute liability insurance, the Supreme Court subsequently disapproved of *Adams*, on the grounds that OCGA § 36-85-20 was inconsistent with the former Art. I, Sec. II, Par. IX of the Georgia Constitution of 1983, which provided for waiver of sovereign immunity to the extent of any liability insurance purchased by the government. *Hiers v. City of Barwick*, 262 Ga. 129 (414 SE2d 647) (1992).

However, as discussed above, the 1991 constitutional amendment eliminated the provision which waived sovereign immunity where liability insurance was purchased by a government entity, and instead provided that such waiver could be accomplished only by an Act of the General Assembly. Inasmuch as the 1991 amendment governs this case, the only basis in *Hiers* for not applying the express terms of OCGA § 36-85-20 no longer exists. Accordingly, the constitutional infirmity of OCGA § 36-85-20 having been removed, Walker County's participation in the interlocal risk management plan did not constitute liability insurance and did not result in a waiver of its sovereign immunity, pursuant to that statute.

2. Under *Hennessy v. Webb*, 245 Ga. 329 (264 SE2d 878) (1980), state officials acting in their official capacities are immune from liability for negligent acts that are discretionary rather than ministerial. In *Logue v. Wright*, 260 Ga. 206 (392 SE2d 235) (1990), involving a motor vehicle collision with a deputy sheriff who was not using his blue light and siren when he failed to yield a right-of-way, the Supreme Court held that the police officer's decision to rush to an emergency scene constituted a discretionary act.

OCGA § 40-6-6 authorizes law enforcement officers to disregard certain rules of the road when responding to emergency calls, provided they use an audible signal and a flashing or revolving blue light. The General Assembly's coupling its recognition of the need to disregard certain rules of the road in some situations with its imposition of safety precautions before such disregard is permitted, suggests that the failure to comply with the required safety measures in operating a patrol car should be considered a ministerial act. That is, the statute removes all discretion from law enforcement officers responding to emergency calls, as to whether to use an audible signal and a flashing or revolving blue light.

In *Logue*, the Supreme Court conceded that the police officer "had no discretion to violate the law by failing to activate his blue

light and siren." Id. at 207. Nevertheless, it concluded that the officer's decision to speed to the emergency scene constituted a discretionary act for which he enjoyed immunity, notwithstanding his performance of that discretionary act in a negligent manner. *Logue* controls the instant case, and we are constrained to follow it.

Our holding here does not render interlocal risk management plans nugatory, inasmuch as any negligent ministerial act performed by a law enforcement officer ostensibly would be a covered event under such a plan. However, the interlocal plan participated in by Walker County provides no benefit in the instant case, where *Logue* requires finding the deputy's high-speed response to an emergency call to be a discretionary act protected by sovereign immunity. Accordingly, the trial court properly granted summary judgment for the defendants.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JANUARY 24, 1994 —
RECONSIDERATION DENIED FEBRUARY 2, 1994 —

*Hill & Henry, William R. Hill, Jr.,* for appellants.
*Leitner, Warner & Moffitt, George W. Carpenter, Stuart F. James, Strang, Fletcher, Carriger, Walker, Hodge & Smith, Larry L. Cash,* for appellees.