A96A1484. JOHNSON v. GONZALEZ et al.
(478 SE2d 410)

JOHNSON, Judge.

Elizabeth Johnson was injured when her car was struck by a patrol car driven by Jeffrey Gonzalez, a Chatham County police officer, who was responding to a "Code 2" dispatch to the scene of a domestic dispute. At the time of the accident, Gonzalez was traveling in the same direction as Johnson. He was attempting to pass her on the left, as Johnson began making a left turn. There is conflicting evidence regarding whether her turn signal had been activated. She brought suit against Chatham County and Gonzalez, alleging that he

---

was operating his vehicle with a reckless disregard for the safety of others at the time of the accident. The trial court granted Chatham County and Gonzalez' motions for summary judgment and Johnson appeals.

Johnson asserts that a genuine issue of material fact exists concerning whether Gonzalez was driving recklessly, that is, without due regard for the safety of others, so as to expose him, and Chatham County, based on the doctrine of respondeat superior, to liability.

Public officials are immune from liability for negligence while performing discretionary, rather than ministerial, acts in their official capacity. *Logue v. Wright*, 260 Ga. 206, 207 (1) (392 SE2d 235) (1990). This immunity does not extend to malicious acts, acts of corruption, wilful acts, or acts involving reckless disregard for the safety of others. Id. There is, then, a two part inquiry with regard to Gonzalez' acts. Were his acts discretionary rather than ministerial, and if so, did his actions evince a reckless disregard for the safety of others?

"A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." (Citations and punctuation omitted.) *Hemak v. Houston County School Dist.*, 220 Ga. App. 110, 112 (469 SE2d 679) (1996). We have previously held that a police officer's acts, while on routine patrol, are ministerial in nature. *McLemore v. City Council of Augusta*, 212 Ga. App. 862, 865 (4) (443 SE2d 505) (1994). However, the Supreme Court has held that when an officer responds to an emergency call, the officer's acts are discretionary. *Logue*, supra at 207-208 (1). Officer Gonzalez was on routine patrol on the evening of January 18, 1994 when he received a "Code 2 — Urgent — Proceed as soon as possible" call. Because the call removed Gonzalez from his routine patrol, his acts in response to the call were discretionary. Johnson's argument that this was a "Code 2 — Urgent" call, rather than a "Code 3 — Emergency" call does not affect the change in the character of his actions from ministerial to discretionary. Because the first element of our inquiry has been answered in the affirmative, we move to the question whether Gonzalez was driving with a reckless disregard for the safety of others.

The facts of this case are troubling because it is at least the third case to reach the appellate courts in recent years in which a police officer, in responding to a call, has attempted to pass a car on the left, as it attempted to turn left, causing an accident. See *Tillman v. Mastin*, 216 Ga. App. 3 (453 SE2d 85) (1994); and *Banks v. Patton*, 202 Ga. App. 168 (413 SE2d 744) (1991). In each of those cases, the police

officer was found to be entitled to immunity as a matter of law because the rule grants immunity to public employees who perform discretionary acts in a negligent manner. This Court held in *Banks, supra,* that the "[f]ailure to use both the light and siren in this case was an act of negligence, not an act of malice, corruption, wilfulness, or reckless disregard for the safety of others." (Punctuation omitted.) Id. at 170 (2). However, the result in *Banks* was limited to the facts of that particular case. *Banks* does not hold that an officer can never be liable for his conduct in responding to a call without his lights and siren, regardless of the circumstances. Otherwise, the language in *Logue, supra,* that "immunity is for negligent acts, not for . . . acts involving reckless disregard for the safety of others" is rendered meaningless. Id. at 206 (1). Further, we note that in *Banks, supra,* "the undisputed admissible evidence of record shows that appellee was responding to an emergency call when the collision occurred." Id. at 169 (2). In *Tillman, supra,* the officer was responding to a crime in progress. Id. at 3. At some point, as here, the acts of an officer preclude an assessment of the nature of his conduct by a court *as a matter of law*. A jury must decide whether Gonzalez' decision to overtake Johnson's vehicle, without activating his emergency lights or siren, was merely negligent or whether it constituted a reckless disregard for the safety of others.

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 12, 1996 —
RECONSIDERATION DENIED NOVEMBER 21, 1996 —

*Calhoun & Associates, Gregory V. Sapp*, for appellant.
*Ranitz, Mahoney, Coolidge & Mahoney, Thomas J. Mahoney, Jr., Emily E. Garrard*, for appellees.