### A00A2269. TKACIK v. CHRISS et al.
(543 SE2d 392)

MIKELL, Judge.

This is an appeal from the grant of summary judgment to Mark Anthony Chriss, a Gwinnett County deputy sheriff who failed to yield the right of way when responding to an emergency call and was struck by Rebecca S. Tkacik's automobile.[1] Holding that Chriss is entitled to official immunity, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Watts v. Promina Gwinnett Health System*, 242 Ga. App. 377, 379 (1) (530 SE2d 14) (2000).

So viewed, the evidence shows that at approximately 7:00 a.m.

---

[5] See id.

[1] Summary judgment was granted to Gwinnett County on the basis of sovereign immunity; this ruling was not appealed.

on December 29, 1995, Chriss received an emergency "officer needs help" call. Chriss proceeded westbound on Pleasant Hill Road toward its intersection with Cruse Road, passed a tractor-trailer rig on the left, and entered the intersection. At that moment, Tkacik entered the intersection from Cruse Road in order to turn left onto Pleasant Hill Road, and she struck the front of the deputy's vehicle. Tkacik did not see the patrol car in time to avoid the collision because the tractor-trailer obscured her view. Tkacik sustained injuries and received treatment costing $1,580.

Affidavits of two witnesses reflect that the deputy's speed did not exceed approximately 30 mph at the point of impact. Those witnesses also averred that Chriss had activated his blue lights before he entered the intersection. Chriss testified that he had used his siren, but Tkacik and the other witnesses did not hear one. Accordingly, for purposes of summary judgment, we must assume that Chriss did not activate his siren.

The Georgia Constitution grants immunity to public officials who perform discretionary acts in a negligent manner. Ga. Const. 1983, Art. I, Sec. II, Par. IX (d); *Logue v. Wright*, 260 Ga. 206, 207 (1) (392 SE2d 235) (1990), overruled on other grounds, *Merrow v. Hawkins*, 266 Ga. 390 (467 SE2d 336) (1996). Rushing to the assistance of a fellow officer in response to an emergency call has been deemed a discretionary act for which a deputy sheriff may not be held personally liable unless he or she acted "with actual malice or with actual intent to cause injury." *Gilbert v. Richardson*, 264 Ga. 744, 753 (6) (452 SE2d 476) (1994). "[I]n the context of official immunity, actual malice requires a deliberate intention to do [a wrongful act]." (Punctuation omitted.) *Adams v. Hazelwood*, 271 Ga. 414 (2) (520 SE2d 896) (1999); *Merrow v. Hawkins*, supra at 391.

Tkacik argues that the deputy acted with malice when he failed to activate his siren, as required by OCGA § 40-6-6 (c). However, we rejected a similar argument in *Banks v. Patton*, 202 Ga. App. 168 (2) (413 SE2d 744) (1991) (whole court), where, as here, the officer had activated his blue lights but not his siren before he entered the intersection. As we held in *Banks*, this was "an act of negligence, not an act of malice . . . or reckless disregard for the safety of others."[2] It follows that the trial court correctly granted summary judgment to Chriss on the basis of official immunity.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

---

[2] Cf. *Johnson v. Gonzalez*, 223 Ga. App. 646 (478 SE2d 410) (1996), where the officer had failed to activate either his siren or his blue lights, and we held the evidence raised an issue for the jury as to whether the officer had displayed a reckless disregard for the safety of others.

DECIDED NOVEMBER 29, 2000.

*John R. Burdges,* for appellant.
*Karen G. Thomas, Kristina H. Blum, Melinda K. Wells,* for appellees.