A96A0170. McBRIDE v. BOARD OF CORRECTIONS et al.
(472 SE2d 693)

McMURRAY, Presiding Judge.

Plaintiff Stephen McBride, an inmate at Hardwick Correctional Institute, filed this pro se civil action against the "Board of Corrections," the Georgia Department of Corrections, and against the former Commissioner of the Department of Corrections, Dr. Allen Ault. Plaintiff sought "declaratory judgment" with respect to the validity of certain rules promulgated by the Department of Corrections, and further demanded money damages under 42 USC § 1983 for alleged violations of his civil rights. Defendants denied the material allegations and moved to dismiss the complaint. This motion was granted by the trial court and plaintiff appeals. *Held*:

Three discernible enumerations are urged in this pro se appeal.

1. The trial court did not abuse its discretion in denying plaintiff's motion for default judgment after defendants filed an amended answer to plaintiff's discursive complaint. OCGA § 9-11-55 (b); *Colonial Penn Life Ins. Co. v. Market Planners Ins. Agency*, 209 Ga. App. 562, 563 (434 SE2d 124).

2. "Declaratory judgment" was not an available remedy to address past grievances regarding administration of a prison. Based on these past events, plaintiff was entitled to seek immediate legal or equitable relief to establish his rights, if any. *Logan Paving Co. v. Peoples Bank & Trust*, 196 Ga. App. 42, 43 (395 SE2d 287). In the case sub judice, the trial court correctly perceived that plaintiff's complaints about the rules and regulations promulgated for running a prison failed to show the existence of any justiciable issue supporting his claims for money damages. *Jackson v. Zant*, 210 Ga. App. 581, 582 (436 SE2d 771).

As to plaintiff's civil rights claims, " 'A State is not a person

within the meaning of (42 USC) § 1983. . . . In common usage, the term "person" does not include the sovereign, and statutes employing the word are ordinarily construed to exclude it.' (Citations and punctuation omitted.) *Will v. Michigan Dept. of State Police*, 491 U. S. 58, 64 (109 SC 2304, 105 LE2d 45) (1989). The Eleventh Amendment bars a § 1983 action against 'States or governmental entities that are considered "arms of the State," for Eleventh Amendment purposes. (Cit.)' *Will v. Michigan Dept. of State Police*, supra at 70." *Thompson v. Dept. of Transp.*, 209 Ga. App. 353, 354 (2) (433 SE2d 623). In Georgia, the Department of Corrections and the "Board of Corrections" would be considered "arms of the State" for Eleventh Amendment purposes. As against former Commissioner, Dr. Ault, "[t]he very existence of these [complained-of] regulations is sufficient to rebut any unsubstantiated allegation that [defendants] were ' "deliberately indifferent or grossly negligent in respecting citizens' rights or (that (they)) tacitly authorized constitutionally offensive conduct. . . . (Cit.)" (cit.) . . . (T)he trial court correctly granted [defendants' motion to dismiss] as to [plaintiff's] 42 USCA § 1983 claims.' *Martin v. Ga. Dept. of Pub. Safety*, [257 Ga. 300 (357 SE2d 569)] at 305 (4)." *Poss v. City of North Augusta, South Carolina*, 205 Ga. App. 894, 895 (2) (424 SE2d 73).

3. The refusal of the trial court to grant plaintiff's motion to compel discovery has been considered and is found to have been rendered moot. OCGA § 5-6-48 (b) (3).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 17, 1996 —
RECONSIDERATION DENIED JUNE 21, 1996 —

Stephen McBride, *pro se*.

*Michael J. Bowers, Attorney General, George P. Shingler, Deputy Attorney General, Joachim P. Ferrero, Mark A. Basurto, Assistant Attorneys General*, for appellees.