A98A0054. PEARSON et al. v. CITY OF ATLANTA.
(499 SE2d 89)

BIRDSONG, Presiding Judge.

Appellants Dorothy Pearson, individually and as administratrix of the estate of Sherwood R. Pearson, and Phillip Pearson, individually, appeal that portion of the superior court's order granting partial summary judgment to the City of Atlanta.

Appellants are the parents of decedent. This is a suit for dam-

ages based on the wrongful death of decedent and also averring inter alia causes of action for nuisance and a violation of 42 USC § 1983. Decedent was killed when the car which he was driving was struck by another car driven by a suspect who was attempting to elude a City of Atlanta policeman, Officer McCain, during a high-speed police pursuit conducted in Midtown Atlanta during evening rush hour traffic. Michelle Wilson was a passenger in appellants' vehicle and was injured in the collision.

Michelle Wilson subsequently brought an independent suit against Officer McCain and the City; she averred inter alia causes of action for negligence, nuisance and violation of 42 USC § 1983. The trial court granted summary judgment on behalf of the defendants; Michelle Wilson appealed and this Court affirmed the grant of summary judgment in *Wilson v. City of Atlanta*, 223 Ga. App. 144 (476 SE2d 892).

Appellants enumerate as error the trial court's grant of appellee's motion for summary judgment. *Held*:

1. The applicable summary judgment standard is that of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

2. Since the Supreme Court's holding in *Mixon v. City of Warner Robins*, 264 Ga. 385 (444 SE2d 761), OCGA § 40-6-6, the statute underpinning the Court's holding, has been substantially and significantly amended, particularly as to subsection (d). This amendment was in direct response to the decision of the Supreme Court in *Mixon*, supra. 12 Ga. State U. L. Rev. 295. Although the 1995 amendment to OCGA § 40-6-6 was not in effect at the time of this collision, as a general rule, an appellate court applies the applicable law as it exists at the time of its judgment, as long as no vested rights under the previous law will be impaired. *Cheeley v. Henderson*, 261 Ga. 498 (1) (405 SE2d 865). This Court already has applied the new statutory requirements in the resolution of an appeal brought by the injured passenger, Michelle Wilson. Compare *Wilson*, supra at 148 (to survive summary judgment respondent had to point to or come forward with facts showing McCain failed to properly balance the risks inherent in the pursuit *and* that he violated OCGA § 40-6-6 (c) — driving in reckless disregard for the safety of the driving public).

An examination of the plain wording of OCGA § 40-6-6 in its totality reveals that the statute currently addresses the driver of two distinct vehicle classes — "emergency vehicle" or "law enforcement vehicle." While OCGA § 40-6-6 (d) (1) addresses the general statutory duty to drive with due care imposed upon the driver of "an authorized emergency vehicle," OCGA § 40-6-6 (d) (2) expressly pertains to those special circumstances where "a law enforcement officer in a law enforcement vehicle is pursuing a fleeing suspect in another vehicle and the fleeing suspect damages any property or injures or kills any

person during the pursuit." In such circumstances, "the law enforcement officer's pursuit shall *not* be the proximate cause *or* a contributing proximate cause of the damage, injury, or death caused by the fleeing suspect *unless the law enforcement officer acted with reckless disregard* for proper law enforcement procedures in the officer's decision to initiate or continue the pursuit. Where such *reckless disregard* exists, the pursuit may be found to constitute a proximate cause of the damage, injury, or death caused by the fleeing suspect, but the existence of such reckless disregard *shall not in and of itself* establish causation." (Emphasis supplied.) OCGA § 40-6-6 (d) (2). That is, under amended OCGA § 40-6-6, a finding of proximate cause or contributing proximate cause must be supported by evidence that "the officer acts with reckless disregard for proper law enforcement procedures in initiating or continuing the pursuit and this reckless disregard actually causes the damage, injury, or death." 12 Ga. State U. L. Rev., supra at 298. (This statutory provision was not in effect when the Supreme Court issued its opinion in *Mixon*, supra.) It is abundantly clear from the plain language of this unambiguous, statutory provision, which this court is required to construe and follow according to its terms (*Telecom\*USA v. Collins*, 260 Ga. 362, 363 (1) (393 SE2d 235)), that Officer McCain's conduct, even if constituting a failure to drive with due regard for the safety of others, cannot be deemed the proximate cause of the collision and resulting death, *unless* Officer McCain also was acting with *reckless disregard* for proper law enforcement procedures at the time of the incident and that recklessness was the actual cause of the damage, injury or death. Thus, OCGA § 40-6-6 (d), as enacted, has promulgated a reckless disregard standard rather than a standard of mere negligence. See, e.g., 12 Ga. State U. L. Rev., supra at 300, n. 39 (legislation passed Senate with reckless disregard standard intact). The testimony of Officer McCain, as to the significant actions which he took during the chase are not controverted by admissible evidence of record. These actions of slowing before going through a red light, exceeding the speed limit during light or non-existent traffic, and disregarding regulations governing direction of traffic movement when oncoming traffic was light or non-existent, as a matter of law, do not constitute a reckless disregard of law enforcement procedures, and were all actions expressly authorized by statute (OCGA § 40-6-6 (b) (2)-(4)). As in *Wilson*, supra at 148, we find that appellant has failed to point to or come forward with facts showing that McCain failed to properly balance the risks inherent in the pursuit of a fleeing suspect and that he violated OCGA § 40-6-6 (d). As a matter of law, there exists no evidence of record establishing that McCain's conduct ever arose to the level of "reckless disregard."

Additionally, we agree with the trial court that pursuit did not

commence until after the suspect's vehicle suddenly began to accelerate and Officer McCain thereafter activated his siren and lights. Prior to that time, McCain merely had the suspect's vehicle under surveillance in a non-pursuit mode and had executed no show of authority to effect a vehicle stop. Thus, as in *Wilson*, supra, the facts in this case are closer to the facts in *Sammor v. Mayor &c.*, 176 Ga. App. 176, 177 (2) (335 SE2d 434) than in *Mixon*, supra, and that the latter is not controlling. (Note: We would be compelled to question any *unmodified* application of *Mixon*, supra, to police pursuits in view of the substantial 1995 statutory amendment to OCGA § 40-6-6 since the date of that opinion.) As in *Sammor*, supra, the danger to the public had commenced before a pursuit was initiated. Further, Officer McCain testified, without contradiction by direct evidence, and his testimony was corroborated, at least in part, by other evidence, that prior to the collision he had terminated the high-speed pursuit and had deactivated his siren and lights. While there exists some evidence that his siren was still operating at the time of the collision, this evidence is, at most, only circumstantial evidence from which an inference might be drawn that the high-speed pursuit was still in progress. We have consistently held that "findings of fact which may be inferred but are not demanded by circumstantial evidence have no probative value against positive and uncontradicted evidence that no such fact exists." *Johnson v. Rogers*, 214 Ga. App. 557, 559 (4) (448 SE2d 710) and cases cited therein. Moreover even if the pursuit was still underway at the time of the incident, it was the suspect and not Officer McCain who was driving in a reckless manner; the uncontroverted facts establish that McCain was, during the pursuit, acting with adequate regard for proper law enforcement procedures within the meaning of OCGA § 40-6-6 (d).

For the independent reasons above, appellants' fourth enumeration of error is without merit.

3. Appellants' third enumeration of error is without merit. "As for [appellants'] nuisance claim against the City, because McCain was not liable, no basis of liability exists." *Wilson*, supra at 148. Further, the City previously had taken action to duly promulgate a standard operating procedure for pursuit driving, BPS.SOP.4.11, effective November 22, 1989. The purpose of this SOP was to "establish guidelines for officers in pursuit of motor vehicles within and outside the city." The policy of the SOP is expressly stated as follows: "The Atlanta Bureau of Police Services places its highest value upon the life and safety of each of its police officers and the public at large. The methods used to enforce laws should minimize the risk of injury to officers and citizens alike." The dangerous condition which this policy was promulgated to alleviate was the inherent risk of injury to officers and citizens during police pursuits. Assuming arguendo,

appellants had pointed to evidence giving rise to an issue whether the City had maintained a dangerous condition on a regular basis over a period of time, they fail to point to admissible evidence establishing that the City took no action to correct such a condition after learning of it. *Wilson*, supra.

4. Appellants' first and second enumerations of error are without merit.

(a) Appellants contend that the City maintained an inadequate high-speed pursuit policy thereby violating the deceased's constitutionally protected rights under 42 USC § 1983. In support of this contention, appellants presented an affidavit of an expert in criminology who opined, inter alia, that the pursuit policy was inadequate. As in *Martin v. Dept. of Public Safety*, 257 Ga. 300 (357 SE2d 569), appellants' expert affidavit is insufficient to create a genuine issue of material fact as to the inadequacy of the high-speed pursuit policy, because "no objective *guidelines* which might have been appropriate or *facts* which show the department's guidelines and training are inadequate were set out in his affidavit." (Emphasis supplied.) Id. at 304 (3).

(b) Appellants also contend that the city violated 42 USC § 1983 by failing to enforce its policy. Automobile negligence actions, even when the negligence is gross, do not rise per se to the level of a constitutional deprivation under the Fourteenth Amendment. *Cannon v. Taylor*, 782 F2d 947, 949-950 (11th Cir.); accord *Rooney v. Watson*, 101 F3d 1378, 1381 [2] (11th Cir.). Since Officer McCain's conduct did not cause the deceased or others to suffer a constitutional deprivation, we need not inquire into the City's policy. "[A]n inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred." Id. at 1381 (II); compare *Vineyard v. County of Murray &c.*, 990 F2d 1207, 1211 (11th Cir.) (clear violation of specific rights required before question of § 1983 municipal liability arises). Further, the "very existence" of the City's high-speed policy is sufficient to rebut any unsubstantiated allegations that the City was deliberately indifferent or grossly negligent in respecting citizens rights or that the City tacitly authorized constitutionally offensive conduct. *McBride v. Bd. of Corrections*, 221 Ga. App. 796, 797 (2) (472 SE2d 693). "Under the law applicable to actions under 42 USC § 1983 against local governments, the doctrine of respondeat superior is not a basis for imposing liability. To impose liability, it must be shown that some policy of [the City of Atlanta] was responsible for the violation of [the deceased's] federally protected rights." *Gwinnett County v. King*, 218 Ga. App. 800, 802 (3) (463 SE2d 511). The record supports no such showing.

Additionally, for an action under 42 USC § 1983 to lie for failure to adequately enforce a policy through proper training or otherwise,

"the failure to take remedial steps must amount to deliberate indifference or tacit authorization of the offensive acts [or omissions]"; and "at least a showing of gross negligence will be necessary to establish liability for inadequate training." *Cannon v. Taylor*, supra at 951 [3].

"The record is barren of any evidence of [gross negligence in providing adequate training, or] 'implementation of an intentional policy or a constitutional deprivation resulting from an intentionally corrupt or impermissible policy' so as to find a cause of action under 42 USC § 1983." *Holloway v. Rogers*, 181 Ga. App. 11, 13 (2) (351 SE2d 240); compare *Cannon*, supra, and *Rooney*, supra.

5. OCGA § 40-6-6 (d) (3) now expressly clarifies the General Assembly's pre-existing intent that this statute does not constitute any form of waiver of any applicable defense of governmental (sovereign) or official immunity to which the law enforcement officer and the state, county or municipal government would be entitled under other provisions of the State's statutes or constitution. As to state tort claims, except to the extent to which it has waived the defense, see generally OCGA §§ 33-24-51 (b); 36-33-1, appellee City is entitled to assert the defense of sovereign immunity. Moreover, as clarified in *Gilbert v. Richardson*, 264 Ga. 744, 750 (4), 753 (7) (452 SE2d 476), any cause of action averred against a municipal police officer in his official, as opposed to his personal/individual, capacity is " 'in reality suits against the [municipality] and, therefore, involve sovereign [governmental] immunity.' " Compare *Crisp County School System v. Brown*, 226 Ga. App. 800, 802 (2) (487 SE2d 512); but compare the pre-*Gilbert* cases of *Banks v. Patton*, 202 Ga. App. 168 (413 SE2d 744) (negligent performance of official discretionary act in responding to an emergency call) and *Acker v. City of Elberton*, 176 Ga. App. 580 (336 SE2d 842). If, however, the officer is sued in his individual/personal capacity, any defense of immunity would have to be grounded upon a legitimate claim of official immunity. See *Gilbert*, supra at 750 (4).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MARCH 11, 1998

*Brownlow & Schaefer, Ira B. Brownlow, Jr., Williston C. White*, for appellants.

*Vincent D. Hyman, William H. McLean IV*, for appellee.