A98A1979. HILSON v. DEPARTMENT OF PUBLIC SAFETY.
(512 SE2d 910)

POPE, Presiding Judge.
This case arose from an automobile collision which occurred on
June 14, 1994 between a vehicle driven by the appellant, Rosa
Walker Hilson, and a vehicle driven by Georgia State Trooper Rufus
Grace. At the time of the accident, Trooper Grace was within the
scope of his employment and was driving a vehicle which was owned

by his employer, the Department of Public Safety. Grace, who was transporting prisoners, was chasing a speeding vehicle immediately before the accident.

The State produced undisputed evidence from Grace's deposition in which he stated that immediately before the accident he met a vehicle which was going approximately 80 mph in a 45-mph zone. Grace testified that after seeing the speeding vehicle, he turned on his blue lights, siren and "wig-wags," and motioned for the driver to stop. Nevertheless, the driver kept going and Grace began to follow the vehicle. In doing so, the accident with Hilson occurred.

Hilson brought an action against the Department of Public Safety to recover for losses she claimed to have sustained in the accident. In her complaint, Hilson alleged that the accident was caused by the negligence of defendant, through its employee Grace. The State filed a motion to dismiss for failure to state a claim, arguing in part that Hilson's claims were barred by the "method of providing law enforcement" exclusion to the State's waiver of sovereign immunity contained in OCGA § 50-21-24 (6). The superior court granted the motion, finding that the State was immune from suit in this case, and this appeal followed.

In her sole enumeration of error, Hilson argues that the trial court misinterpreted OCGA § 50-21-24 (6) and that the court's conclusion that the state was immune from suit in this case controverts the legislative intent underlying the Georgia Tort Claims Act (OCGA § 50-21-20 et seq.). In support of her argument Hilson cites *Long v. Hall County Bd. of Commrs.*, 219 Ga. App. 853 (3) (467 SE2d 186) (1996); *Pearson v. City of Atlanta*, 231 Ga. App. 96 (499 SE2d 89) (1998); and various statutes, including OCGA § 40-6-6 (d) (2) (regarding liability of a pursuing officer when chasing a suspect); OCGA § 45-9-40 (requiring the state to secure insurance to cover its employees during the operation of state-owned motor vehicles), and OCGA § 33-34-4 (requiring insurance for vehicles). For the following reasons, we disagree with Hilson's arguments and affirm the superior court's ruling.

"In 1990, a majority of Georgia voters approved a constitutional amendment which provided for limited waiver of sovereign immunity through a legislative act. The language of that ballot amendment has received judicial approval. [Cits.]

"Pursuant to that constitutional amendment, Art. I, Sec. II, Par. IX of the Georgia Constitution of 1983 was amended in 1991. It now provides that the defense of sovereign immunity by the state to tort liability can only be waived 'by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.' Subsection (e).

"The Georgia Tort Claims Act, OCGA § 50-21-20 et seq., was

enacted under the authority of the 1991 constitutional amendment. [Cit.]" *Riddle v. Ashe*, 269 Ga. 65-66 (1) (495 SE2d 287) (1998).

The legislative intent with respect to the state's liability is set out in OCGA § 50-21-21 (a). In that subsection, the legislature recognized "the inherently unfair and inequitable results" which result from a strict application of the doctrine of sovereign immunity. On the other hand, the legislature recognized that state government cannot choose the ambit of its activity, and that its exposure of the state treasury to liability must be limited.

In OCGA § 50-21-23 (a) the statute sets forth a limited waiver of sovereign immunity by the state: "[t]he state waives its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment and shall be liable for such torts in the same manner as a private individual or entity would be liable under like circumstances; provided, however, that the state's sovereign immunity is waived subject to all exceptions and limitations set forth in this article."

OCGA § 50-21-24 provides the exceptions to the waiver; i.e., the instances in which the state shall have no liability for losses. Subsection (6) states that the state shall have no liability for losses resulting from: "[c]ivil disturbance, riot, insurrection, or rebellion, or the failure to provide, *or the method of providing, law enforcement*, police, or fire protection." (Emphasis supplied.)

Trooper Grace's pursuit of the speeding vehicle clearly fell within the parameters of subsection (6) as a "method of providing law enforcement." Although the statute does not define "method," Webster's New World Dictionary defines it as a "way of doing anything." Webster's New World Dictionary (2nd College Ed., 1970). Chasing a speeding vehicle is a method of law enforcement subject to this exception. Contrary to the arguments raised by Hilson and in the amicus curiae brief, this result is not contrary to the legislative intent behind the statute.

Our research has revealed only one case in which subsection (6) has been involved. In *Long v. Hall County*, 219 Ga. App. at 853, an inmate escaped from the Hall County Correctional Institute and stole a truck. Subsequently, the inmate was involved in an accident with plaintiff Long who sued, with other defendants, the Georgia Department of Corrections. This Court concluded that the allegation that the correctional officer negligently supervised the work detail from which the inmate escaped amounted "to a failure to provide law enforcement services within the meaning of this Code section" and that the grant of summary judgment to the State was proper. *Long v. Hall County*, 219 Ga. App. at 857-858.

Similarly, in this case, dismissal was proper. There was no evidence that Trooper Grace was involved in any activity other than this

law enforcement work of chasing a speeder immediately before the accident. Hilson's allegations against Trooper Grace involved only negligence; there were no allegations that Grace had acted maliciously. Based on our conclusion, we need not decide whether Trooper Grace's action constituted "discretionary acts" as provided for in OCGA § 50-21-24 (2).[1]

In reaching this conclusion we are mindful of the provisions of OCGA § 40-6-6 regarding the liability of a law enforcement vehicle which is pursuing a fleeing suspect. But, contrary to Hilson's arguments, that statute specifically provides in subsection (d) (3) that "[t]he provisions of this subsection shall apply only to issues of causation and duty and shall not affect the existence or absence of immunity which shall be determined as otherwise provided by the law."

Additionally, although she did not raise the existence of insurance in her complaint and although there is no evidence in the record of insurance coverage, Hilson appears to argue that the existence of insurance removes the State's immunity. This argument is meritless. See *Bontwell v. Dept. of Corrections*, 226 Ga. App. at 527 (2); *Long v. Hall County*, 219 Ga. App. at 856 (2); Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e).

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 24, 1999 — 

*Vansant, Corriere, McClure & Dasher, Alfred N. Corriere, J. Brian Rutland*, for appellant.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, Kimberly L. Schwartz, Assistant Attorney General*, for appellee.

*Flournoy & Gentry, Matthew C. Flournoy*, amicus curiae.

---

[1] With respect to the discretionary nature of a police officer's actions before the enactment of the Georgia Tort Claims Act, see *Logue v. Wright*, 260 Ga. 206 (1) (392 SE2d 235) (1990), overruled on different grounds, *Merrow v. Hawkins*, 266 Ga. 390 (467 SE2d 336) (1996); *Johnson v. Gonzalez*, 223 Ga. App. 646 (478 SE2d 410) (1996); *Banks v. Patton*, 202 Ga. App. 168 (413 SE2d 744) (1991). For cases involving discretionary acts since the enactment of the statute, see generally *Bontwell v. Dept. of Corrections*, 226 Ga. App. 524, 527 (4) (a) (486 SE2d 917) (1997) (physical precedent only); *Rhoden v. Dept. of Public Safety*, 221 Ga. App. 844, 845 (1) (473 SE2d 537) (1996); *Pearson v. City of Atlanta*, 231 Ga. App. at 101 (5).