A01A0948. PRICE v. STATE OF GEORGIA et al.
(553 SE2d 194)

MILLER, Judge.

The question on appeal is whether inspection and law enforcement efforts by the Georgia Department of Natural Resources, resulting in an allegedly inaccurate statement to plaintiff that he could not operate a certain furnace in Georgia, are protected from liability under the doctrine of sovereign immunity. We hold that they are protected and affirm summary judgment in favor of the State of Georgia and the Department of Natural Resources (DNR).

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law. . . ."[1] When reviewing an appeal from a grant of summary judgment, this Court conducts a de novo review of the law and views the evidence and all reasonable conclusions and

---

[1] OCGA § 9-11-56 (c); see *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

inferences drawn from it in the light most favorable to the nonmovant.[2]

So construed, the evidence showed that Jody Price operated Price's Junkyard, Inc., a used auto parts and metal recycling business. To recycle scrap aluminum, Price used a "Twin Fire Cone" furnace to melt down auto parts. Observing thick, black smoke rising from Price's property, a DNR ranger notified the DNR Environmental Protection Division that Price may be violating the Georgia Air Quality Act.[3] After conducting an inspection of Price's property, a DNR environmental specialist determined that the topless furnace did not adequately reduce smoke opacity (because it did not have an afterburner maintaining a constant temperature greater than 1,500 degrees Fahrenheit) and was not elevated on a concrete pad to prevent soil contamination. These circumstances plus tests of soil samples collected by the specialist from the property's soil and local water well indicated that Price was violating the Georgia Air Quality Act,[4] the Georgia Comprehensive Solid Waste Management Act,[5] and the Georgia Hazardous Waste Management Act.[6]

The DNR agent orally informed Price that the operation of the "Twin Fire Cone" furnace in Georgia was unlawful. Through correspondence the DNR notified Price that he must remedy the contamination on his property. The DNR provided instructions on how to bring his property into compliance with the Acts. Price was also made aware of the penalties that the DNR could impose if corrective action was not taken within the specified period. Price complied by shutting down his operation, installing a new kind of furnace, removing lead-contaminated soil from the site, and elevating the new furnace on a concrete pad.

Claiming that the old furnace could lawfully be operated in Georgia and that the DNR agents misled him in this regard, Price sued the State of Georgia and the DNR, seeking damages resulting from the shutdown of his operation, the purchase of the new furnace and incidentals required to install the apparatus, Price's legal and investigative expenses, and the loss of the old furnace. The State of Georgia and the DNR moved for summary judgment on the ground of sovereign immunity, which the trial court granted.

1. In two related enumerations, Price contends that the trial court erred in finding that the DNR had statutory authority to conduct an inspection of his property and in concluding that the State of

---

[2] *Matjoulis*, supra, 226 Ga. App. at 459 (1).
[3] See OCGA § 12-9-1 et seq.
[4] Id.
[5] OCGA § 12-8-20 et seq.
[6] OCGA § 12-8-60 et seq.

Georgia had not waived its sovereign immunity for losses resulting from inspection powers or functions.

Article I, Section II, Paragraph IX (e) of the 1983 Georgia Constitution explains the principle of sovereign immunity under Georgia law.

> Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.[7]

In 1992 the Georgia legislature enacted the Georgia Tort Claims Act,[8] which provides that Georgia's sovereign immunity is waived "subject to all exceptions and limitations set forth" in the Act.[9] OCGA § 50-21-24 of the Act provides that "[t]he state shall have no liability for losses resulting from . . . (8) Inspection powers or functions, including . . . making an inadequate or negligent inspection of any property . . . to determine whether the property complies with or violates any law, regulation, code, or ordinance or contains a hazard to health or safety. . . ." Indeed, public policy prescribes that employees and officers of the State must generally be free to act and to make decisions without fear of liability or exposure to lawsuits.[10]

Here Price contends that he incurred losses resulting from the DNR's inspection of his property. Price first avers that the DNR did not have statutory authority to inspect his property, which argument is without merit. When DNR agents have a reasonable belief that a violation of environmental regulations is occurring, they have statutory authority to enter private premises, to conduct an inspection, and to collect samples.[11] The DNR environmental specialist here had authority, upon receiving information from the DNR ranger that thick, black smoke was rising from Price's property, to enter the property and conduct an inspection. The alleged losses Price incurred from the inspection resulted from a DNR agent informing him that the old furnace could not be lawfully operated in Georgia. Assuming that the DNR conducted a negligent inspection and inaccurately informed Price that it was unlawful to operate the furnace in Geor-

---

[7] See *Northwest Ga. Regional Hosp. v. Wilkins*, 220 Ga. App. 534, 535 (1) (469 SE2d 786) (1996).

[8] OCGA § 50-21-20 et seq.

[9] OCGA § 50-21-23 (a).

[10] *Wilkins*, supra, 220 Ga. App. at 536 (1).

[11] OCGA §§ 12-8-70; 12-9-11.

gia, the State of Georgia and the DNR would be immune from liability pursuant to the inspection powers or functions exception to the State's limited waiver of sovereign immunity.

2. Price argues that the court erred in finding that the State of Georgia and the DNR were not liable for losses resulting from the method of providing law enforcement.

Subsection (6) of OCGA § 50-21-24 protects the State from liability for losses resulting from "the method of providing[ ] law enforcement, police, or fire protection." The DNR director or an authorized agent[12] has the authority to ensure that the owner brings his property into compliance with the environmental regulations.[13] Initially, the director or agent attempts to rectify the violation by "conference, conciliation, and persuasion."[14] When this fails, the director is authorized to issue an order specifying the provision that has been violated and the period in which corrective action must be completed.[15] If the violations are not corrected as prescribed by the order, the property owner may be subjected to civil and criminal penalties.[16]

Here the DNR exercised its statutory authority to enforce the environmental regulations. Price's property was brought into compliance with the environmental regulations by conference, conciliation, and persuasion. It was not necessary to issue Price an order that prescribed a deadline for corrective action or imposed penalties. Price's contention that the DNR's false statements in this process caused him substantial losses does not render the DNR or the State liable, as the DNR was clearly providing law enforcement and thus was immune from liability.

Price argues that *Blue Ridge Mountain Fisheries v. Dept. of Natural Resources*[17] precludes immunity here. *Blue Ridge* is inapplicable because it addresses federal qualified immunity and federal constitutional claims, rather than state sovereign immunity and state claims, which are at issue here. Moreover, because one judge concurred in judgment only, *Blue Ridge* is not binding on this Court as precedent.[18] Since the State of Georgia did not waive its sovereign immunity with respect to losses resulting from the method of providing law enforcement, Price's argument that the State of Georgia and the DNR were liable for his losses fails.

3. Price's remaining enumeration is rendered moot in light of our holdings in Divisions 1 and 2.

---

[12] OCGA § 12-8-23.1 (b).
[13] OCGA §§ 12-8-71; 12-9-13.
[14] OCGA § 12-8-71.
[15] See id.
[16] OCGA §§ 12-8-30.6; 12-9-22; 12-9-23; 12-9-24.
[17] 217 Ga. App. 89 (456 SE2d 651) (1995) (physical precedent only).
[18] See Court of Appeals Rule 33 (a).

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED JULY 31, 2001 —

Ray C. Smith, Jr., for appellant.

Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, David B. Fife, Jennifer D. Roorbach, Assistant Attorneys General, for appellees.