A03A1538. CITY OF POOLER et al. v. EDENFIELD et al.
(587 SE2d 408)

MILLER, Judge.

A Bloomingdale City officer pursued a fleeing motorist at speeds exceeding 100 mph, tailing the motorist's vehicle closely so that he could read the license tag number. A Pooler City officer followed the chase in a secondary pursuing vehicle at a distance of one-quarter mile or more. The fleeing motorist changed lanes and struck an oncoming vehicle, killing its driver. The victim's family sued the two cities and several of their respective employees for wrongful death, with the Bloomingdale defendants settling out. The Pooler defendants moved for summary judgment, which the trial court denied. We granted the Pooler defendants' application for interlocutory review.

We hold as a matter of law that as the secondary pursuing officer following at a distance of one-quarter mile or more, the Pooler City officer's actions were not the proximate cause of the accident. Accordingly, we reverse and remand the case for the entry of summary judgment in favor of the Pooler defendants.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c)." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). We review the grant or denial of summary judgment de novo, construing the evidence in favor of the nonmovant. Id.

So construed, the evidence showed that a Pooler City officer received two dispatches to "be on the lookout" for a DUI suspect driving a Corvette in the vicinity. He soon witnessed a speeding vehicle and clocked the vehicle at 80 mph in a 45-mph zone. He activated his blue lights and siren and began pursuing the vehicle, which he later realized was a Corvette. The officer reached speeds of 90 to 95 mph in the chase. The Corvette lost control and spun out at a turn, hitting a guardrail. The Pooler officer reported this incident and the chase by radio to the dispatcher on a common police channel, which report was simultaneously heard by police in the neighboring City of Bloomingdale. The Corvette then sped toward the City of Bloomingdale, and the Pooler officer radioed ahead, asking for assistance from the Bloomingdale police. A Bloomingdale officer positioned his vehicle to assist.

As the Corvette entered Bloomingdale, the Bloomingdale officer activated his blue lights and siren and proceeded ahead of the chase to warn off traffic. The Corvette passed the Bloomingdale officer, who then took over the chase and became the primary pursuing officer. The Pooler officer, who had been engaged in the pursuit for a total of two minutes and forty-five seconds thus far, followed the Bloomingdale officer at a distance of one-quarter mile or more to serve as a backup to the Bloomingdale officer. The Bloomingdale officer caught up to the Corvette and followed closely so that he could read the license tag. The chase now exceeded speeds of 100 mph, reaching a clocked speed of 113 mph as the vehicles entered the next county.

Just as the Bloomingdale officer was reading the tag number to the dispatcher, the driver of the Corvette suddenly changed lanes to pass a vehicle and struck an oncoming vehicle head-on, killing both drivers involved in the collision. At this point, the Bloomingdale officer had been pursuing the Corvette for one minute and forty-five seconds. The Bloomingdale officer's vehicle then struck the back of the vehicle that the Corvette had passed, resulting in a second collision with lesser injuries. The Pooler officer witnessed the accidents from his vantage point and called for emergency medical assistance.

Acting individually and as administratrix of the estate of the innocent deceased driver, the mother of that driver sued the City of Pooler and the City of Bloomingdale and several of their respective employees to recover for her daughter's injuries and death. The father of the driver was later added as a plaintiff. Asserting various claims of negligence and recklessness, the plaintiffs showed that the cities had purchased applicable liability insurance and thereby waived sovereign immunity to that extent. See *Cameron v. Lang*, 274 Ga. 122, 126-127 (3) (549 SE2d 341) (2001). The Bloomingdale defendants settled with plaintiffs and were dismissed.

The Pooler defendants moved for summary judgment, pointing to, among other things, the lack of a causal link between the actions of the Pooler officer and the accident. The trial court found issues of fact remained and denied the motion. The trial court issued a certificate of immediate review, and this Court granted the Pooler defendants' application for an interlocutory appeal.

1. Plaintiffs claim that the Pooler defendants are liable under OCGA § 40-6-6 (d) (2), which provides:

> When a law enforcement officer in a law enforcement vehicle is pursuing a fleeing suspect in another vehicle and the fleeing suspect damages any property or injures or kills any person during the pursuit, the law enforcement officer's pursuit shall not be the proximate cause or a contributing proximate cause of the damage, injury, or death caused by the fleeing suspect unless the law enforcement officer acted with reckless disregard for proper law enforcement procedures in the officer's decision to initiate or continue the pursuit. Where such reckless disregard exists, the pursuit may be found to constitute a proximate cause of the damage, injury, or death caused by the fleeing suspect, but the existence of such reckless disregard shall not in and of itself establish causation.

Plaintiffs claim that the Pooler officer acted in reckless disregard of law enforcement procedures in at least two ways. First, he should have discontinued the chase when he witnessed the Corvette lose control and strike the guardrail. Second, he should not have participated in the chase as the secondary pursuing officer, as such "clearly heightened the risk of injury or death to other drivers."

Assuming for purposes of this opinion that evidence showed that the actions of the Pooler officer were in reckless disregard of police procedure, we focus on the element of causation. Absent proximate cause between the alleged misconduct of the Pooler officer and the accident, summary judgment is required. See *Bacon v. Mayor &c. of Savannah*, 241 Ga. App. 211, 212-213 (525 SE2d 115) (1999). Under

OCGA § 40-6-6, "a finding of proximate cause or contributing proximate cause must be supported by evidence that the officer acts with reckless disregard for proper law enforcement procedures in initiating or continuing the pursuit and this reckless disregard actually causes the damage, injury, or death." (Citation and punctuation omitted.) *Pearson v. City of Atlanta*, 231 Ga. App. 96, 98 (2) (499 SE2d 89) (1998). Thus, an officer's conduct, even if constituting reckless disregard for proper law enforcement procedures at the time of the incident, is not actionable unless "that recklessness was the actual cause of the damage, injury or death." Id.

Here the Pooler officer's action of continuing the chase after the Corvette spun out of control was superseded by the actions of the Bloomingdale officer in taking over the chase as the primary pursuing officer. Not until the chase reached the next county some miles down the road following a minute and forty-five seconds of 100-plus mph high-speed pursuit with the Bloomingdale officer crowding the bumper of the Corvette, did the fatal accident occur. The Bloomingdale officer's actions in accelerating the speed of the pursuit to such high speeds at such close quarters, with the Pooler officer following at a safe distance of a quarter-mile, intervened as a matter of law to break the causal chain between the actions of the Pooler officer and the accident. Cf. *Wilson v. City of Atlanta*, 223 Ga. App. 144, 145 (476 SE2d 892) (1996) (discussing a case where the officer was the proximate cause who "was right up on the suspect's bumper mere seconds before the collision") (citation and punctuation omitted). Based on these undisputed facts, the actions of the Bloomingdale officer were independent, intervening, and unforeseeable, were not triggered by the Pooler officer's actions, and were sufficient of themselves to cause the injury. See *Jones v. Central of Ga. R. Co.*, 192 Ga. App. 806, 807 (386 SE2d 386) (1989). In plain and undisputed cases, we may determine intervening acts and proximate cause as a matter of law. See *Seely v. Loyd H. Johnson Constr. Co.*, 220 Ga. App. 719, 722 (1) (470 SE2d 283) (1996); *Little Rapids Corp. v. McCamy*, 218 Ga. App. 111, 114 (2) (460 SE2d 800) (1995). Without assuming liability on the part of the Bloomingdale officer because his actions were reckless, we conclude that it is nevertheless plain and undisputed in this case that the Bloomingdale officer's actions preponderated to produce the injurious effect and thus broke the chain of causal connection. There is no evidence that as the distant secondary pursuing officer, the Pooler officer "heightened the risk" or otherwise contributed to or caused the accident. Indeed, because of that role, he was able to more quickly summon emergency medical assistance.

2. As the undisputed evidence shows that the Pooler officer's actions were not a proximate cause of the accident, the claims against him must fail. Accordingly, the claims against the other

Pooler defendants, all of which rely on the Pooler officer's actions, must also fail. See *Sammor v. Mayor &c. of Savannah*, 176 Ga. App. 176, 178 (2) (335 SE2d 434) (1985).

The trial court erred in denying summary judgment to the Pooler defendants. We reverse and remand the case for entry of summary judgment in favor of the Pooler defendants.

*Judgment reversed and case remanded with direction. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED SEPTEMBER 18, 2003 — 

*Oliver, Maner & Gray, Patrick T. O'Connor, Paul H. Threlkeld,* for appellants.

*Herndon & Costner, Thomas R. Herndon, Savage, Turner, Pinson & Karsman, Brent J. Savage, Robert S. Kraeuter, Weiner, Shearouse & Weitz, Aron G. Weiner,* for appellees.