## A05A1319. BLACKSTON et al. v. GEORGIA DEPARTMENT OF PUBLIC SAFETY.

(618 SE2d 78)

PHIPPS, Judge.

The question in this appeal is whether the Georgia Tort Claims Act (GTCA) provides the Georgia Department of Public Safety (DPS) with immunity from liability from a claim that the reckless high-speed pursuit of a fleeing vehicle by certain Georgia highway patrolmen resulted in a collision causing serious personal injuries. Answering this question in the affirmative, the superior court granted the DPS's motion to dismiss. We agree with the superior court and affirm.

The following facts are undisputed: City of Powder Springs Police Sergeant Jeffrey Hogan observed Dajuan Lamar Jackson operating an automobile with a broken taillight while weaving. Hogan attempted to effect a traffic stop, but Jackson sped up and began running stop signs and red lights to elude the officer. Hogan then pursued Jackson in a high-speed vehicular chase joined in by other local law enforcement officers and by Georgia State Patrol (GSP) Troopers Larry Cowell and Kyle McSween, who followed Jackson into an oncoming lane of traffic. The chase ended at an intersection where Jackson, driving his automobile in the oncoming lane, collided head-on with a vehicle operated by Shelly Blackston.

To recover for personal injuries and loss of consortium, Blackston and her husband brought this action against the City of Powder Springs, the DPS, and Jackson. The Blackstons charge the law enforcement officers with having violated Georgia's "authorized emergency vehicles" statute,[1] by acting with reckless disregard for proper law enforcement procedures in initiating and continuing the high-speed pursuit. The Blackstons claim that under the GTCA,[2] the DPS has waived its sovereign immunity.

In reliance on the "method of providing law enforcement" exception to the state's waiver of sovereign immunity in the GTCA,[3] the DPS moved to dismiss for lack of subject matter jurisdiction on the ground of sovereign immunity. Citing *Hilson v. Dept. of Public Safety*,[4] the superior court granted the motion to dismiss and directed the entry of final judgment as to the DPS under OCGA § 9-11-54 (b). The Blackstons appeal.

---

[1] OCGA § 40-6-6.

[2] OCGA § 50-21-20 et seq.

[3] OCGA § 50-21-24 (6).

[4] 236 Ga. App. 638 (512 SE2d 910) (1999).

As it appears that the superior court considered the numerous depositions in the record and other documentary evidence, in addition to the pleadings, in ruling on the DPS's motion to dismiss,

> the motion was converted to one for summary judgment. Accordingly, we must determine in this appeal whether, under the summary judgment standard of review, the defendant[ ] met [its] burden of showing that there was no genuine issue as to any material fact and that [it was] entitled to judgment as a matter of law. In making such determination, we review the evidence de novo.[5]

The GTCA declares it to be the public policy of this state that the state (and its departments and agencies) shall only be liable in tort actions within the limitations of the GTCA.[6] The GTCA's waiver of sovereign immunity of the state for the torts of state officers and employees while acting within the scope of their official duties or employment is subject to exceptions set forth in OCGA § 50-21-24.[7] Under OCGA § 50-21-24 (6), the state shall have no liability for losses resulting from "the failure to provide, or the method of providing, law enforcement, police, or fire protection."

*Hilson* was a negligence action against the DPS. In that case, an automobile operated by Hilson was involved in a collision with a vehicle driven by Georgia State Trooper Rufus Grace while the state trooper was chasing another speeding vehicle. We affirmed the superior court's grant of the state's motion to dismiss under OCGA § 50-21-24 (6). We broadly held: "Chasing a speeding vehicle is a method of law enforcement subject to this exception."[8] We noted that "[a]lthough the statute does not define 'method,' Webster's New World Dictionary defines it as a 'way of doing anything.' [Cit.]"[9]

---

[5] *Schulze v. DeKalb County*, 230 Ga. App. 305, 306 (496 SE2d 273) (1998) (citations and punctuation omitted); see *English v. Fulton County Bldg. Auth.*, 266 Ga. App. 583 (597 SE2d 626) (2004).

A determination that issues of fact remained would, however, necessitate resolution of those facts by the trial court rather than by a jury. *Derbyshire v. United Builders Supplies*, 194 Ga. App. 840, 843 (1) (392 SE2d 37) (1990). But where, as here, the determination of subject matter jurisdiction and waiver of sovereign immunity are factually intertwined with determination of the merits of the case, the trial court may submit the case to a jury and use its verdict in an advisory capacity. *Dept. of Transp. v. Dupree*, 256 Ga. App. 668, 672 (1) (a) (570 SE2d 1) (2002); compare *Barnes v. Turner*, 278 Ga. 788, 789 (1) (606 SE2d 849) (2004) (motion to dismiss should be granted only if allegations of complaint, construed in a light most favorable to plaintiff, disclose with certainty that plaintiff would not be entitled to relief under any state of provable facts).

[6] OCGA §§ 50-21-21 (a); 50-21-22 (5).

[7] OCGA § 50-21-23 (a).

[8] 236 Ga. App. at 640.

[9] Id.

The Blackstons seek to distinguish *Hilson* by arguing that in this case, unlike in *Hilson*, there is evidence that the state troopers were pursuing the fleeing vehicle in violation of written procedures for vehicular chases in the GSP Policy Manual. We cannot agree.

The Blackstons charge the state troopers with having violated written procedures in the GSP manual generally prohibiting more than three patrol cars from engaging in a pursuit at one time and specifically prohibiting troopers from joining in a pursuit unless requested to do so by the pursuing agency. Troopers McSween and Cowell testified without contradiction, however, that the policy manual's three-patrol car limitation only applies to GSP vehicles and, therefore, was not violated where, as here, only two GSP vehicles were involved in the chase. The officers further testified, again without contradiction, that broadcast of a police chase over a local police radio frequency is considered a request for assistance from GSP troopers where, as here, the troopers are present in the jurisdiction and are monitoring the frequency with the knowledge of local law enforcement authorities.[10] Moreover, as stated in our opinion in *Hilson*, State Trooper Grace was transporting prisoners during the vehicular chase in that case.[11] That too was a violation of the GSP's chase procedures. The trooper's negligence in enforcing the law in a manner that deviated from departmental procedure did not, however, abrogate the state's sovereign immunity in that case.[12] Nor, therefore, would it here.

The Blackstons also charge the troopers with having violated subsection (d) (1) of Georgia's "authorized emergency vehicles" statute,[13] by driving without due regard to the safety of persons. But, as recognized in *Hilson*, "that statute specifically provides in subsection

---

[10] The GSP manual also requires consideration of the nature of the offense committed by the suspect in determining the appropriateness, speed, and extent of a pursuit. As testified to by Trooper McSween, however, that directive relates to the decision to initiate the pursuit. Here, City of Powder Springs Police Sergeant Hogan did violate provisions in the city's policies and procedures manual by initiating the high-speed vehicular chase without having observed the commission of a forcible felony and by pursuing the fleeing vehicle in an oncoming lane of traffic. But neither violation is chargeable to the state troopers, as they tried without success to determine why the pursuit was being conducted; and, at least at the time of the events giving rise to this case, the GSP did not prohibit highway patrolmen from veering into the opposite lane of travel during high-speed pursuits.

[11] Id. at 638.

[12] Accord *Price v. State of Ga.*, 250 Ga. App. 872, 875 (2) (553 SE2d 194) (2001) (holding that false statements by a Department of Natural Resources (DNR) employee do not render the DNR liable in tort, as the DNR is nonetheless providing law enforcement and is thus immune from liability); compare *State of Texas v. Terrell*, 588 SW2d 784 (Tex. 1979) (holding that the "method of providing police protection" exception to immunity in the Texas tort claims act refers to policy decisions by governmental units as to how an act is to be performed and does not insulate the state from liability for negligence of an officer in carrying out policy).

[13] OCGA § 40-6-6, supra.

(d) (3) that 'the provisions of this subsection shall . . . not affect the existence or absence of immunity which shall be determined as otherwise provided by the law.' "[14]

Contrary to argument advanced by the Blackstons, the decision of the Georgia Supreme Court in *Edwards v. Dept. of Children & Youth Svcs.*[15] provides no reason to revisit this court's decision in *Hilson. Edwards* involved the "discretionary function or duty" exception to state liability set forth in OCGA § 50-21-24 (2) of the GTCA. Under this exception, the state has no liability for losses resulting from the "exercise or performance of . . . a discretionary function or duty on the part of a state officer or employee." OCGA § 50-21-24 (2). Because of the narrow definition of "discretionary function or duty" in the definitional section of the GTCA,[16] *Edwards* held (in line with prior cases) that the "discretionary function" exception applies only to basic governmental policy judgments made on the basis of social, political, or economic factors. Therefore, the state was not immune from liability for the negligence of state employees in determining the type of emergency medical care to provide a juvenile in state custody.

*Edwards* is inapposite here, because the "method of providing law enforcement" exception is not subject to any narrowing statutory definition comparable to the one circumscribing the "discretionary function" exception. Recognizing that the two exceptions are separate and distinct, the court in *Hilson* made clear that its interpretation of OCGA § 50-21-24 (6) avoided the need for it to determine whether the trooper's actions in that case constituted a discretionary act under OCGA § 50-21-24 (2).[17]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JULY 12, 2005 — ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Cathey & Strain, David A. Sleppy, Lisa J. Bucko, Paul B. Mazur,* for appellants.

---

[14] 236 Ga. App. at 641; compare *Taylor v. City of Oklahoma City,* 914 P2d 1073 (Okla. Ct. App. 1995) (holding that the method of providing police protection exception in Oklahoma's tort claims act does not provide immunity from liability for negligent operation of a city emergency vehicle by a police officer, in view of explicit language in Oklahoma's emergency vehicle statute which, unlike Georgia's, does not reserve governmental immunity).

Effective January 1, 2005, however, claims arising out of subsection (d) of the emergency vehicles statute which are brought against local government entities and their officers and employees are subject to the procedures and limitations in Chapter 92 of Title 36 (waiving sovereign immunity of local government entities for loss arising out of negligent use of covered motor vehicle up to specified limits).

[15] 271 Ga. 890 (525 SE2d 83) (2000).

[16] OCGA § 50-21-22 (2).

[17] 236 Ga. App. at 641.

*Thurbert E. Baker, Attorney General, Loretta L. Pinkston, Assistant Attorney General*, for appellee.